No. 2,533.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, *v.* WILLIAM ATKINSON, APPELLANT.

EVIDENCE.—PRIVILEGED COMMUNICATIONS.—Communications from a client to his attorney, touching the subject matter under investigation, are on principles of public policy privileged, and are not admissible in evidence, even though the attorney may be willing to disclose them.

IDEM.—When it appeared that an attorney called as a witness, in a criminal prosecution, was unable to state, whether admissions to which he had testified, were made to him as counsel, or by the defendant whilst under examination as a witness in his own behalf, the Court should have excluded the testimony of its own motion.

APPEAL from the County Court of Placer County.

The facts are stated in the opinion.

*J. S. Brown,* for Appellant.

*Jo Hamilton,* Attorney-General, for Respondent.

CROCKETT, J., delivered the opinion of the Court, RHODES, C. J., TEMPLE J., and WALLACE, J., concurring:

The defendant was convicted of grand larceny, and has appealed to this Court. On the trial one Cannon was called as a witness for the prosecution, and was inquired of as to certain statements made by the defendant, when on examination before the committing magistrate, charged with this offence. The witness stated that he was an attorney at law, and was acting as the counsel for the defendant on the examination before the committing magistrate, and "that what he knew of the matter was communicated to him before he was sworn and as his counsel." Thereupon the defendant objected to the testimony, but the Court overruled the objection and compelled the witness to testify: After detailing the substance of the statement made by the defendant, the witness, on cross-examination, said he did not know whether the admissions of the defendant, to which he had testified, "was what he told me confidentially beforehand or what he swore to. I cannot recollect how it was." When it appeared that the witness was unable to state whether the admissions to which he had testified were made to him as counsel of the defendant, or whilst the accused was under examination as a witness in his own behalf, the Court should have excluded the testimony of its own motion. On principles of public policy, communications from a client to his attorney, touching the subject matter under investigation are privileged, and will not be allowed to be disclosed by the attorney, even though he be willing to do so.

But in this case, both the attorney and the defendant objected to the testimony on this ground, before the evidence was admitted; and there was no need to renew the objection afterward. The witness, it is true, was unable to state distinctly whether the admissions were made to him as counsel, or by the defendant, whilst under examination as a witness. But whatever may be the rule in such cases in civil actions, testimony of this character ought not to be

admitted in a criminal prosecution. In matters which concern the life or liberty of the citizen, privileged communications made to his counsel should not be allowed to be disclosed, on the grounds that, owing to the defective memory of the witness, he cannot positively state whether they were privileged or not. In such cases the accused should have the benefit of the doubt, and the testimony should be excluded. If the rule were otherwise, it would always be in the power of a willing witness to reveal the confidential communications made to him by his client, on the plea that he cannot positively remember whether the admissions to which he testifies were made to him as counsel or otherwise. The rule which excludes privileged communications would be of but little value if it could be so easily evaded.

I deem it unnecessary to notice the other points made by the appellant.

Judgment reversed, and cause remanded for a new trial.

SPRAGUE, J., expressed no opinion.