[L. A. No. 9580. In Bank.—June 21, 1929.]

MISSION FILM CORPORATION (a Corporation), Respondent, v. CHADWICK PICTURES CORPORATION (a Corporation), Appellant.

J. Allen Frankel and A. V. Kaufman for Appellant.

Joe Crail and Harold C. Morton for Respondent.

WASTE, C. J.—Judgment went for the plaintiff in this action to enforce the collection of moneys claimed to be due under a contract, and the defendant has appealed. The appeal was submitted upon an order to show cause, no brief for respondent being presented or on file.

The respondent entered into a contract with the appellant, by the terms of which the former was to produce a motion picture which the appellant undertook to sell and distribute. Certain sums of money were to be advanced by the appellant distributor during the filming of the picture, and, upon delivery to it of the master print and two negatives in salable condition, the distributor agreed to advance to the producer, in cash, one-half of the balance of the actual negative cost, not to exceed $30,000. The distributor further agreed to pay to the producer one-half of the proceeds derived from the sale, exhibition and distribution of the picture, guaranteeing, in any event, the entire negative cost up to $30,000 within six months after date of the delivery of the master print and negatives. Payments were made up to the one required upon delivery of the print and negatives, and plaintiff brought this action to recover the balance due under the contract. Defendant denied the delivery of the negatives in accordance with the contract. The court found that the negatives and print were delivered, and that defendant had collected large sums of money from the sale and exhibition of the picture. It therefore gave judgment in favor of plaintiff as prayed for.

When the cause came on for trial, counsel for the defendant moved for a continuance on the ground that it was essential to have the testimony of the president of the defendant corporation, who was practically the sole stockholder, and who had conducted all the negotiations with reference to the contract; that he was at that time detained in New York by reason of pending business, and that counsel were not possessed of sufficient facts to enable them to properly defend the action. The motion was denied on the ground that a similar motion, based on the same affidavit, had been previously made that morning before the judge of another department of the court, and by him denied.

Appellant first contends that the court erred in denying the motion for a continuance, and that such denial was an

abuse of discretion. There is nothing in the record indicating the reasons for the denial of the motion by the judge to whom it was first submitted. In the absence of a showing to the contrary, we must assume that due consideration was given to the fact that a considerable amount of money was involved, and that the requested continuance was for a period of approximately only thirty days. ■ While the circumstance that the witness who is unable to attend is, at the same time, one of the parties should no doubt be regarded as strengthening the showing in favor of a continuance, it has never been held in this court that the unavoidable absence of a party necessarily compels the court to grant a continuance. (*Sheldon* v. *Landwehr,* 159 Cal. 778, 781 [116 Pac. 44].) "It is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown upon an application for a continuance are such as to make it proper that a continuance should be granted, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion." (*Lynch* v. *Superior Court,* 150 Cal. 123 [88 Pac. 708].) It does not appear that the defendant was given leave to renew the motion before the judge trying the cause. ■ A motion once made and denied, except for informality in the papers or proceedings, cannot be renewed before any other court or officer, except a higher tribunal, save where liberty is given by the court or officer refusing the motion to renew the same. (*Hitchcock* v. *McElrath,* 69 Cal. 634 [11 Pac. 487] ; Code Civ. Proc., sec. 182.) The granting of the motion, after the same has once been denied, is a matter addressed to the discretion of the court. (*Estate of Riviere,* 8 Cal. App. 773, 775 [98 Pac. 46].) Had such permission been granted to the defendant, the failure to support the motion with new evidence might have afforded sufficient reason for the refusal of the court to again entertain it. (*Gay* v. *Gay,* 146 Cal. 237, 241 [79 Pac. 885].) As the second motion presented no grounds which were not before the court on the first motion, the court did not abuse its discretion in refusing to consider it. Particularly is this true in view of the fact that the appellant was permitted to introduce in evidence lengthy excerpts from the deposition of Mr. Chadwick (the witness whose absence was the basis for the motion for a continuance), taken in Los

Angeles some months earlier, and which appear to deal quite fully with the material phases of the controversy.

In the course of Mr. Chadwick's deposition he was asked whether the motion picture involved in this action had "produced gross about $26,000." He replied: "That is my judgment. I would rather submit actual figures on that when I get back to New York." During the trial, one of defendant's counsel, called as a witness for the plaintiff, was asked whether a statement submitted by him to counsel for the plaintiff was not the statement from Mr. Chadwick showing the earnings of the picture. On answering that he "couldn't say that," the further question was put to him: "That was what Mr. Chadwick told you it was, wasn't it?" Defendant objected to this question on the ground that what Mr. Chadwick told the witness—his attorney—was privileged. The objection was overruled, and appellant assigns this ruling of the court as error, citing subdivision 2 of section 1881 of the Code of Civil Procedure. While "on principles of public policy communications from a client to his attorney touching the subject matter under investigation are privileged, and will not be allowed to be disclosed by the attorney" (*People* v. *Atkinson,* 40 Cal. 284), the communication must be confidential, and so regarded, at least by the client, at the time. If it clearly appears that the same was not intended by the client to have been confidential, it is not privileged. (*Sharon* v. *Sharon,* 79 Cal. 633, 678 [22 Pac. 26, 22 Pac. 131].) It is clearly manifest that the statement here in question was not privileged and confidential, for it was the intention of the client that it should be disclosed (*Estate of Nelson,* 132 Cal. 182, 188 [64 Pac. 294]), it having been furnished by Mr. Chadwick on his own suggestion for submission to counsel for the plaintiff.

Appellant asserts that the findings allege that "the plaintiff is entitled to the sum of $16,501.70, with interest thereon since December 15, 1924, and further interest on $13,925.13 since June 15, 1925." Appellant has misread finding III. It states that there is due from defendant to plaintiff the sum of $16,401.70, with interest on $2,476.57 of said sum since December 15, 1924, and interest on $13,925.13 from June 15, 1925—December 15, 1924, being the date of delivery of the negatives, as found by the court, and June 15, 1925, representing the six months' time within which, under

the contract, the entire negative cost was to be paid to the plaintiff.

We find no merit in the other contentions raised by the appellant.

The judgment is affirmed.

Shenk, J., Richards, J., Langdon, J., Preston, J., Curtis, J., and Seawell, J., concurred.