[Crim. No. 1876. Second Appellate District, Division One.—December 19, 1929.]

THE PEOPLE, Respondent, v. FRANKLIN W. WHITE et al., Appellants.

James W. Pierce for Appellants.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CONREY, P. J.—On the evening of April 23, 1929, one Roy Bass was the attendant in charge of a gasoline station at Avalon Boulevard and Forty-seventh Street, in the city of Los Angeles. Jack Church, a sixteen year old newsboy, had come in for the purpose of asking Bass to change a bill for him. Church had nine dollars in hand and there was the sum of twenty-two dollars in the till. Soon after the arrival of Church, and while the situation was that above stated, two men drove up to the station and committed the crimes charged in the information. Church was robbed of the nine dollars and was wounded by a pistol shot. Bass was robbed of the twenty-two dollars.

Appellants contend that there is no evidence tending to connect the defendants, or either of them, with these crimes. The argument on this point rests chiefly upon the

assertion that the witnesses completely failed to identify the defendants. It may be that some of the admissions made by the witnesses, such as the admission by Bass that he never saw Price's face at all, furnish some excuse for this contention. But a reading of the testimony develops at most a contradiction in the evidence. The testimony of Jack Church alone is sufficient as an identification of White and Price as the persons who committed the robbery and of Price as the man who fired the gun.

The next point is that the evidence is not sufficient to justify the verdict of robbery in the first degree. In this connection complaint is made that the court refused to instruct the jury that before they could find defendants guilty of robbery in the first degree the jury must be satisfied, beyond any reasonable doubt, that the money was taken by the defendants from the possession of the person robbed, "at the point of the gun or that the gun was exhibited to them before the money was taken." The degrees in robbery are defined in the Penal Code as follows: "Section 211a. *Degrees of robbery.* All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree." The court did not err in refusing the requested instruction. Counsel for appellants have not complied in that part of rule VIII which requires that where it is claimed that instructions requested were erroneously refused, all other instructions given, bearing upon the subjects covered by the refused instructions, must be printed in appellant's brief in full, or the substance thereof clearly stated, with citation to the line and page of the transcript where such instructions may be found. Counsel having failed to show anything to the contrary, we shall assume that somewhere within the voluminous mass of instructions given the court did appropriately instruct upon the subject of the degrees in robbery.

We further note that appellants in their brief have failed to comply with the rule which requires that a brief must present each point separately, under an appropriate heading, showing the nature of the question to be presented. Counsel have left it to the court to dig out the points from the text of the brief. The next point seems to be that certain confessions were not free and voluntary and

650

that the court erred in receiving them. The evidence on the subject was conflicting and may not here be reviewed.

The fourth and last point is that the court erred in overruling objections to the testimony of the witness Coen, who at the preliminary examination had appeared as attorney for the defendants. Although the brief fails to give the transcript pages where this evidence and ruling may be found, we have made the investigation. (See Rep. Tr., p. 272 et seq.) The court ruled that in view of the confidential relation of attorney and client, as between the witness and defendants, the evidence of conversations between witness and defendants alone would be excluded; but further held that the witness might state conversations which he had with defendants in the presence of third persons. The evidence was given under this ruling. In this there was no error. The communications about which Coen testified were made in the presence of third persons, and under such circumstances that the court was justified in holding that they were not intended to be of a confidential nature. Such communications are not privileged. (*Mission Film Corp.* v. *Chadwick Pictures Corp.*, 207 Cal. 386 [278 Pac. 855].)

The judgments and orders are affirmed. The attempted appeals from the several verdicts are dismissed for the reason that a verdict is not a proper subject of appeal.

Houser, J., concurred.