[Civ. No. 18199.   First Dist., Div. Two.   June 26, 1958.]

LARRY WAYNE PRICE, a Minor, etc., Petitioner, v. SUPERIOR COURT OF CONTRA COSTA COUNTY, Respondent; THE MOUNT DIABLO UNIFIED SCHOOL DISTRICT, Real Party in Interest.

David N. Bortin and Clyde D. Bird, Jr., for Petitioner.

Francis W. Collins, District Attorney, and Charles L. Hemmings, Deputy District Attorney, for Respondent.

Schofield & Cunningham and Louis F. Schofield for Real Party in Interest.

DRAPER, J.—This mandamus proceeding arises out of an action by petitioner-plaintiff, a minor, against Mount Diablo Unified School District, the real party in interest in the present

proceeding. Plaintiff was injured in the course of a wrestling match with a fellow student, Manual Gouveia, and apparently asserts negligence of defendant's physical education instructor in supervision of the match, and some negligent defect in the condition of the cover of the mat upon which the match was held.

After the action was filed, Gouveia made a statement to a representative of defendant, who preserved it by means of a tape recorder. Petitioner moved, under Code of Civil Procedure, section 2031, for an order permitting inspection of a transcript of this recorded statement. Gouveia's affidavit avers that the person who took his statement told him that it "would be made available to any party requesting it" in this action, and that "it would therefore be unnecessary for me to make any other statement to any person"; that he relied upon this representation, and that he is "unwilling to give a statement to any party at this time, covering the same subject matter." Defendant does not in any way deny these averments, but alleges only that the statement was procured by an agent of defendant at the request of one of the attorneys for defendant, for transmission to defendant's counsel to assist them in preparing for trial. The trial court denied the motion for inspection, solely upon the ground that the statement is privileged. Petitioner seeks mandamus requiring respondent court to order the inspection as requested.

Petitioner's claimed right of inspection arises under the new discovery provisions (Stats. 1957, chap. 1904). The court may "order any party to produce and permit the inspection and copying . . . of any designated . . . papers . . . not privileged . . ." (Code Civ. Proc., § 2031, subd. (a).) Defendant's sole contention is that the written statement, or the tape recording from which it was written, is a communication from client to attorney, and thus is privileged. (Code Civ. Proc., § 1881, subd. 2.) It is not necessary to determine whether the statement by Gouveia to an "agent of the defendant" acting in some unspecified capacity becomes, when transmitted by that agent to defense counsel, a communication by defendant to its attorney within the meaning of *Holm* v. *Superior Court*, 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722] and *City & County of San Francisco* v. *Superior Court*, 37 Cal.2d 227 [231 P.2d 26, 25 A.L.R.2d 1418]. We are satisfied that, even if deemed a communication from client to attorney, the statement is unprivileged because the element of confidentiality is lacking.

■ The privilege attaches to a communication from client to attorney only when the communication is made in confidence. (*Holm* v. *Superior Court, supra,* 42 Cal.2d 500, 507; *City & County of San Francisco* v. *Superior Court, supra,* 37 Cal.2d 227, 235; *McKnew* v. *Superior Court,* 23 Cal.2d 58, 65-66 [142 P.2d 1]; *Mitchell* v. *Towne,* 31 Cal.App.2d 259, 265 [87 P.2d 908]; 8 Wigmore on Evidence (3d ed.) 531.) ■ When the client does not intend his statement to be confidential, it is not privileged. (*Mission Film Corp.* v. *Chadwick P. Corp.,* 207 Cal. 386, 390 [278 P. 855]; 8 Wigmore on Evidence (3d ed.), 600.)

■ Here the client's agent for the taking of Gouveia's statement, who performed this task at the request of defense counsel, told Gouveia that it would be made available to any party to the action, and Gouveia gave his statement in reliance upon this representation. It follows that the statement was not intended by the client to be confidential, and that its transmission to defendant's attorney cannot vest it with a privilege which was expressly negatived or waived as an inducement to Gouveia to make it.

Although the memorandum decision of the trial court suggests some question as to materiality of the evidence, a letter by the trial judge to both counsel states that the motion was denied solely on the ground that the statement is within the attorney-client privilege. In any event, it seems clear that the statement does "constitute or contain evidence . . . within the scope of the examination permitted by subdivision (b) of Section 2016" (Code Civ. Proc., § 2031), and thus is properly the subject of inspection.

Let a peremptory writ of mandamus issue, requiring respondent court to set aside its order denying inspection, and to issue an appropriate order of inspection with the right to take a copy.

Kaufman, P. J., and Dooling, J., concurred.