[Civ. No. 19134.   First Dist., Div. Two.   Feb. 1, 1960.]

DONALD CLARK, Petitioner, v. SUPERIOR COURT OF SAN MATEO COUNTY et al., Respondents; ARTHUR J. SWANSON et al., Real Parties in Interest.

Hoberg, Finger, Brown & Abramson for Petitioner.

No appearance for Respondents.

Alexander, Bacon & Mundhenk and Herbert Chamberlin for Real Parties in Interest.

KAUFMAN, P. J.—The petitioner is the plaintiff in a personal injury action pending in the superior court against Arthur J. Swanson and Eleanor Swanson, the real parties in interest.

Plaintiff, on April 15, 1958, was employed by the defendants for the purpose of performing work on the roof of their home. In connection with this work defendants furnished plaintiff with a ladder for his use in ascending to the roof of their home. While plaintiff was ascending the ladder, the bottom of it slid backwards causing him to fall. He landed on top of the ladder sustaining injuries. Plaintiff alleges in his complaint that his injuries resulted from the fact that the said ladder was dangerous and unsafe in that it did not rest securely upon the ground. Defendants answered the complaint denying negligence and alleging the defense of unavoidable accident and contributory negligence.

On or about April 21, 1958, an investigator for the defendants' liability insurance company contacted the plaintiff. This investigator, accompanied by a shorthand reporter, asked plaintiff questions concerning the circumstances of his fall and injuries. The questions and answers were recorded. This unsigned statement is in the possession, custody and control of the insurance company's general counsel.

On November 25, 1959, plaintiff filed a "Notice of Motion to Inspect, Photograph and Copy" this stenographic statement and an affidavit alleging that the above questions and answers were recorded; that he does not recall the questions asked of him nor his answers; and that he has not been given a copy of the transcription of these recorded questions and answers. He further alleges that his attorney has requested a copy of said transcript but that said request was refused.

A hearing on the above motion was held in the respondent superior court on December 1, 1959, and the motion was denied. Plaintiff now seeks a writ of mandate requiring the respondent court to order the inspection, photographing and copying of the said statement.

Section 2031 of the Code of Civil Procedure under which the above motion was made provides in part:

"Upon motion of any party showing good cause therefor . . . the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing . . . of any designated documents . . . relating to any of the matters within the scope of the examina-

tion permitted by subdivision (b) of Section 2016 of this code and which are in his possession, custody or control. . . .''

Code of Civil Procedure, section 2016, subdivision (b), provides in part:

"Unless otherwise ordered by the court . . . the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party, or to the claim or defense of any other party. . . . It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence. All matters which are privileged against disclosure upon the trial under the law of this State are privileged against disclosure through any discovery procedure. This article shall not be construed to change the law of this State with respect to the existence of any privilege, whether provided for by statute or judicial decision, nor shall it be construed to incorporate by reference any judicial decisions on privilege of any other jurisdiction.''

Defendants argue that under section 2031 it is necessary for the plaintiff to show that the material requested is in the possession, custody or control of a party to the action. Here, it was shown that the statement is either in the possession, custody or control of the insurance company or of the company's general counsel. However, it is admitted that the liability insurance carrier is defending the personal injury action under the terms of the defendants' policy of insurance. In such a situation the attorneys for the insurance company must be treated as the defendants' attorneys and any material which is in their possession, custody or control solely because of this relationship is also in the possession, custody or control of the defendants, and therefore is reachable under section 2031. To hold otherwise would allow parties to defeat the purpose of the statute.

In *Holm* v. *Superior Court*, 42 Cal.2d 500 [267 P.2d 1025, 268 P.2d 722], the plaintiff made a statement to the defendant's claim investigator. This statement was recorded as she made it. After it was transcribed, she signed her name to the document. The plaintiff attempted to obtain a copy of this statement asserting that she had not been given a copy and that she did not remember what she had said. The court held that this statement was not protected by the attorney-client privilege since she was merely seeking the

record of a communication which she made in an "arm's length" conversation and which was transmitted to her adversaries' attorney. The communication was not made nor intended to be in confidence and was reachable under section 1000 of the Code of Civil Procedure.

Here, too, it is clear that the plaintiff did not intend his statements, made to an agent of the defendants' insurance company, to be confidential. ██ A statement is not privileged when the element of confidentiality is lacking. (*Price* v. *Superior Court*, 161 Cal.App.2d 650, 651 [327 P.2d 203]; *Mission Film Corp.* v. *Chadwick P. Corp.*, 207 Cal. 386, 390 [278 P. 855]; 8 Wigmore on Evidence (3d ed.) 600.) *Heffron* v. *Los Angeles Transit Lines,* 170 Cal.App.2d 709 [339 P.2d 567], cited by defendants, involved a statement taken from a witness of the plaintiff and is not here in point.

██ Although the statement in issue is not protected by either the attorney-client privilege or the work-product rule, a showing of good cause must be made before the plaintiff is entitled to obtain the requested information. (Code Civ. Proc., § 2031.) Plaintiff does not remember what questions were asked of him nor what answers were given by him and has never been given a copy of the statement. In *Holm* v. *Superior Court,* 42 Cal.2d 500, 507-508 [267 P.2d 1025, 268 P.2d 722], decided before the adoption of the Discovery Act, such a showing was sufficient to entitle the plaintiff to a copy of her statement. The instant case clearly comes within the Holm decision. ██ Since the present act is to be liberally construed (*Grover* v. *Superior Court,* 161 Cal.App.2d 644, 648 [327 P.2d 212]), and since its primary purpose is to facilitate expeditious disposition of litigation (*Laddon* v. *Superior Court,* 167 Cal.App.2d 391 [334 P.2d 638]), information which was obtainable before its adoption should, whenever possible, as in this case, be obtainable after its adoption.

Let a peremptory writ of mandamus issue, requiring respondent court to set aside its order denying inspection and to issue an appropriate order of inspection.

Dooling, J., and Draper, J., concurred.

The petition of the real parties in interest for a hearing by the Supreme Court was denied March 30, 1960.