Adrienne GILLIG and Philip Gillig, Plaintiffs,

v.

**BYMART–TINTAIR, Inc., Defendant.**

United States District Court
S. D. New York.
July 29, 1954.

David B. Williams, New York City, for plaintiffs.

John W. Trapp, New York City, for defendant.

DAWSON, District Judge.

This is a motion of the plaintiffs, pursuant to Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A., for an order requiring the defendant to produce and permit plaintiffs to inspect and copy:

(1) A medical report of a physician for defendant's insurance carrier relating to the examination of the plaintiff Adrienne Gillig made on, or about February 11, 1953, after the accident in controversy but before the commencement of the action.

(2) Books, records, and documents relating to prior claims, complaints, or suits brought by others against defendant arising out of the use by others of defendant's product.

Defendant makes a cross motion, pursuant to Rule 30(b), to limit any deposition taken by the plaintiff on oral testimony so as not to permit the plaintiff to inquire into the foregoing items.

■ The action is one for personal injuries claimed to have been suffered by plaintiff (and for loss of services, consortium and medical expenses of the husband) growing out of the use of hair dye which the complaint alleges contained harmful material rendering it dangerous in character.

The plaintiff, before suit was instituted, and before her present attorney was retained, was examined by a physician at defendant's request, or at the request of defendant's insurance carrier. The plaintiff is clearly entitled to a copy of the report made by this physician. Dumas v. Pennsylvania R. Co., D.C.N.D. Ohio 1951, 11 F.R.D. 496; Moore's Federal Practice, Sec. 35.06.

■ Plaintiff urges that it should be granted an inspection of records relating to prior claims and suits of a similar nature, since these documents may disclose facts from which it would be possible to prove that the defendant had reason to know that its product was dangerous. Defendant contends that the reports would not be relevant or competent in plaintiff's cause of action. Defendant may be right that the documents might not be competent or relevant evidence in and of themselves, but they might contain statements of fact which would be the source of other material which would be admissible at the trial. See Hickman v. Taylor, 3 Cir., 1945, 153 F.2d 212, and cases cited therein at page 219. Privileged communications between defendant and its counsel are, of course, not the type of documents which need be produced. The other documents,

however, are a proper subject for inspection and copying.

Plaintiff's motion to require the defendant to permit the inspection and copying of the documents set forth in its motion is granted. Defendant's motion to limit the examination is denied.