**LIPSHITZ v. BLEYHL.**

Civil Action No. 6631.

District Court, E. D. New York.

April 12, 1946.

Milton H. Goldstricker, of New York City, for plaintiff.

James H. Brassel, of New York City, for defendant.

MOSCOWITZ, District Judge.

By this application, made pursuant to Rule 35(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, plaintiff seeks to obtain from the defendant a copy of a medical report made by a physician who examined plaintiff for and on behalf of defendant.

Rule 35 provides as follows:

"(a) Order for Examination. In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. * * *

"(b) Report of Findings. (1) If requested by the person examined, the party causing the examination to be made shall deliver to him a copy of a detailed written report of the examining physician setting out his findings and conclusions. * * * if a physician fails or refuses to make such a report the court may exclude his testimony if offered at the trial."

Defendant opposes the relief sought upon the ground that subdivision (b) of Rule 35 entitles the person examined to a written copy of the physician's report only in those cases where the court has ordered an examination pursuant to application made to it for such order under subdivision (a). Here plaintiff submitted voluntarily to the examination without the necessity of defendant procuring a court order.

It is true that a literal reading of the terms of Rule 35 leads to the conclusion advanced by defendant but such a rigid application would contravene the liberal spirit in which the rules have been administered since their adoption. Plaintiff had the right to resist an examination until compelled by order of the Court to submit to one and if he had done so, there is no doubt but that he would have been entitled to a copy of the physician's report; if the physician would refuse to make a report, his testimony could be excluded at the trial. Certainly the plaintiff is not to be penalized because he waived his right to insist upon an application to the court and submitted to the examination voluntarily. It would appear to the Court that he is thereby aiding in the expedition of justice. He does not thereby waive his right to the report provided for in the Rule. See Kelleher v. Cohoes Trucking Co., D.C. N.Y.1938, 25 F.Supp. 965.

There has been no denial by the defendant that a written report of Dr. Spaulding is in his possession. If in fact such a written report does exist and is in defendant's control, plaintiff would be entitled to its production and inspection under Rule 34. That such a report would or might contain evidence material to a matter involved in the action is obvious.

The motion is granted. Settle order on notice.