## DUMAS v. PENNSYLVANIA R. CO.
### Civ. A. No. 26586.

United States District Court
N. D. Ohio, E. D.

July 6, 1951.

Elmer I. Schwartz, Cleveland, Ohio, for plaintiff.

Wm. A. Blank, Brooklyn, N. Y., G. H. P. Lacey, L. L. Towell, Cleveland, Ohio, for defendant.

JONES, Chief Judge.

An inaccurate statement in the court's memorandum of June 29, 1951 having been brought to its attention, the following substituted memorandum is filed in the action but no change in the judgment is required.

This is a personal injury action. Plaintiff moves the court for an order requiring the defendant to produce for inspection and copying all written medical reports to defendant concerning the physical condition of plaintiff.

Plaintiff shows the following as good cause for the requested order: In March of 1951, at the request of defendant, he voluntarily submitted to a physical examination by Dr. Wallace S. Duncan and to X-rays under Dr. Duncan's order. Since then, his attorney has requested permission of defendant's attorney to examine or copy the reports of Dr. Duncan, but defendant's attorney has refused to grant the request. Furthermore, although denied access to defendant's medical evidence, plaintiff's attorney has voluntarily provided defendant and its attorney with copies of medical reports in his possession.

Clearly, plaintiff is entitled to a copy of the medical reports of Dr. Duncan under Fed.Rules Civ.Proc. Rule 35 (b) (1), 28 U.S.C.A. See Moore's Federal Practice, 2d Edition, Section 35.06, and the cases there cited. It is equally clear that medical reports to attorneys are not privileged under the concept of "attorney-client" privilege developed in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Moore's Federal Practice, id., Section 26.24.

Aside from any rights plaintiff may have under Rule 35(b) (1), his full disclosure of his medical evidence entitles him to favorable action on the motion under Rule 34. Motion granted.