**KEIL et ux. v. HIMES (REILLY, third-party defendant).**

**Civ. A. No. 13814.**

United States District Court
E. D. Pennsylvania.

Dec. 2, 1952.

452

---

H. Mark Solomon (of Meyer, Lasch, Hankin & Poul), Philadelphia, Pa., for plaintiff.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

Howard R. Detweiler, and Frank R. Ambler, Philadelphia, Pa., for third party defendant.

WELSH, District Judge.

On January 3, 1952, plaintiff was examined by Dr. Arnold S. Levine on behalf of the defendant, Leonard H. Himes. On June 18, 1952, this action was brought by the plaintiff. On October 3, 1952, plaintiff was examined by Dr. John F. Gordon on behalf of the defendant, Leonard H. Himes.

Plaintiff has moved for the production of copies of the medical reports of the examining physicians. Defendant refuses to deliver them because one examination was conducted prior to the commencement of the action and because the other was submitted to by the plaintiff voluntarily. In other words, the defendant refuses to deliver them because the examinations were made without order of Court. In so refusing defendant is in error. Under Fed.Rules Civ.Proc., rule 35(a), 28 U.S.C. A., a plaintiff may be ordered to submit to a medical examination. However, the absence of an order under Rule 35(a) does not defeat his right under Rule 35(b) to obtain from the party causing the examination to be made a copy of a detailed written report of the examining physician setting out his findings and conclusions. See Kelleher v. Cohoes Trucking Co., D.C., 25 F.Supp. 965 and Dumas v. Pennsylvania Railroad, D.C., 11 F.R.D. 496.

Accordingly, in accordance with the foregoing opinion it is this 2nd day of December, A.D., 1952, ordered, adjudged and decreed that plaintiff's motion for the production of· medical reports under Rule 35 (b) be and the same is hereby granted.