[Civ. No. 9492.    Third Dist.    Sept. 12, 1958.]

MATTIE JORGENSEN, Petitioner, v. SUPERIOR COURT OF SONOMA COUNTY, Respondent; DANIEL Mc-CASKILL, Real Party in Interest.

Barbagelata, Zief & Carmazzi and Rinaldo A. Carmazzi for Petitioner.

Richard M. Ramsey, County Counsel (Sonoma), and V. T. Hitchcock, Deputy County Counsel, for Respondent.

Bledsoe, Smith, Cathcart, Johnson & Phelps, Edward Dermott and Leighton Bledsoe for Real Party in Interest.

SCHOTTKY, J.—This is a petition for a writ of mandate to compel the respondent to set aside its order denying an application for the pretrial inspection of a certain medical report in the possession of the attorneys for Daniel McCaskill, the defendant in a civil action initiated by the petitioner.

On May 13, 1957, petitioner filed a complaint for damages due to personal injuries resulting from the alleged medical malpractice of defendant Daniel McCaskill.

The attorneys for defendant Daniel McCaskill requested that the petitioner be examined by Dr. John Adams. On January 14, 1958, the petitioner voluntarily submitted to a physical examination by Dr. Adams, whose report was thereafter transmitted to the attorneys for defendant.

The petitioner did not receive a copy of this medical report and her request for such copy was refused by the attorneys for defendant. Petitioner then, on March 14, 1958, moved the respondent court for an order to inspect and copy this medical report. This motion was denied on March 18, 1958. A subsequent motion to vacate the respondent court's order of March 18, 1958, was likewise denied on March 28, 1958.

The motions of petitioner before the respondent court were apparently made under the authority of sections 2031 and 2032 of the Code of Civil Procedure. Section 2031 in effect permits any party, upon good cause shown, to inspect and copy any documents or other papers in the possession of any other party. Section 2032 in effect provides that where the mental or physical condition of a party is in issue the court may, upon good cause shown, order a party to submit to a physical examination. The party examined pursuant to such order is then entitled to a copy of the medical report.

It appears that the motions of the petitioner were denied

solely on the ground that the medical report was privileged, the court stating: "It is, therefore, the Court's opinion that the communications, whether they be oral or in writing, between Dr. Adams and counsel for defendant, are privileged and, therefore, not subject to inspection under Sections 2031 and 2032 of the Code of Civil Procedure."

The respondent contends that this report is within the attorney-client privilege. It relies principally on *City & County of San Francisco* v. *Superior Court*, 37 Cal.2d 227 [231 P.2d 26, 25 A.L.R.2d 1418]. In that case the plaintiff brought an action against the city. To aid in preparing the suit the plaintiff's attorney caused the plaintiff to be examined by a doctor to ascertain the extent of his injuries. The defendant city sought to compel the doctor to answer certain questions. The court held that while no physician-patient privilege was present the attorney-client privilege was applicable and the doctor could not be compelled to answer. The theory of the case was that the attorney-client privilege exists in order to permit a client to communicate freely with his legal adviser without fear that such communication would later be divulged to his prejudice. In order to communicate with his attorney it may be necessary for the client to employ an agent, such as a messenger or interpreter and any communication through such an agency is likewise within the privilege. When it is necessary for the client to communicate information as to his physical condition to his attorney he may require the services of a physician. The physician is then the agent through which the communication is made and his report would be privileged. As the court there stated (p. 237): "Thus, when communication by a client to his attorney regarding his physical or mental condition requires the assistance of a physician to interpret the client's condition to the attorney, the client may submit to an examination by the physician without fear that the latter will be compelled to reveal the information disclosed."

Thus we see that the attorney-client privilege is to protect communications between attorney and client. When the plaintiff is examined by a physician for the purpose of informing the plaintiff's attorney as to the plaintiff's physical condition the medical report is privileged. (*City & County of San Francisco* v. *Superior Court, supra; In re Ochse*, 38 Cal.2d 230 [238 P.2d 561]; *State* v. *Kociolek*, 23 N.J. 400 [129 A.2d 417].)

However, when the plaintiff is examined by a physician for

the purpose of informing the defendant's attorney as to the plaintiff's physical condition the circumstances are entirely different and the same rule is not applicable. It is communication between the client and his own attorney which is privileged. In the instant case the communication was by plaintiff to a physician engaged by counsel for defendant. In such a case the necessary element of attorney-client relationship is lacking and the essential feature of confidential intent in revealing information is also lacking.

Our Supreme Court has held in *Sharff* v. *Superior Court*, 44 Cal.2d 508 [282 P.2d 896], that when a doctor selected by defendants conducts a physical examination of plaintiff, the plaintiff should be permitted to have plaintiff's attorney present during the examination. This indicates strongly that the submission of plaintiff to examination by a doctor employed by defense counsel is adversary rather than confidential.

Respondent also argues that the physician in this case is in the nature of an expert witness who has examined the subject matter of litigation and that his report is then privileged. However, this report was made possible only through the cooperation of the plaintiff. Without such cooperation the defendant would have been compelled to seek a court order requiring such an examination and under such a situation the plaintiff would have been entitled to a copy of the report. (Code Civ. Proc., § 2032.) Therefore, when the plaintiff voluntarily submits to such an examination there is no reason to deny him a copy of the report.

We conclude that the medical report requested by petitioner was not a privileged communication and that the court erred in denying petitioner's motion for an inspection of it. ▓ But even if the report was privileged we believe that the privilege was waived.

A similar question was recently before the First District Court of Appeal in *Grover* v. *Superior Court*, 161 Cal.App.2d 644 [327 P.2d 212]. In that case counsel for plaintiff had stipulated that a Dr. O'Connor, acting for defendant, could conduct a physical examination of plaintiff. Thereafter, plaintiff's request for a copy of the report was refused. The superior court denied plaintiff's motion to inspect and take a copy of the report, and plaintiff sought a writ in the District Court of Appeal. In granting the writ the court said, at pages 647-648:

". . . Since the communication by plaintiff was not to his

attorney, and the communication to defendant's attorney probably was not by his client, it would be difficult to hold that the medical report is within the attorney-client privilege defined by our statute. But we do not find it necessary to pass upon this question, as we have concluded that, even if the privilege exists, it was waived.

"Defendant relies heavily upon the provision of the amendatory statute that:

" 'This article shall not be construed to change the law of this State with respect to the existence of any privilege whether provided for by statute or judicial decision, nor shall it be construed to incorporate by reference any judicial decisions on privilege of any other jurisdiction.' (Code Civ. Proc., § 2016, subd. (b).)

"Section 2032, subdivision (b) (1), provides expressly that upon request of the person examined the opposing party shall deliver to him a copy of the examining physician's report. Assuming that the report is privileged, it is contended that the two sections are in conflict. Of course, to treat section 2032, subdivision (b) (1) as eliminating a privilege heretofore existing would be to create direct conflict between this section and the above-quoted language of section 2016, subdivision (b), thus necessitating holding one or the other of these simultaneously adopted provisions to be inoperative. But a statute should be so construed as to give effect to each and every part thereof. (23 Cal.Jur. 758.) To construe section 2032, subdivision (b) (1) as providing that any privilege against disclosure of the medical report is waived by procuring the physical examination upon which that report is based is in accord with this basic principle. Thus construed, section 2032, subdivision (b) (1), does not 'change the law of this State with respect to the *existence* of any privilege,' but provides only that, if there be a privilege whose continuing existence is recognized, nonetheless the privilege is waived. We adopt this construction."

Let the writ issue as prayed for.

Van Dyke, P. J., and Peek, J., concurred.

The petition of respondent and petitioner for a hearing by the Supreme Court was denied November 5, 1958. Schauer, J., was of the opinion that the petition should be granted.