[Civ. No. 25603. Second Dist., Div. Three. Aug. 18, 1961.]

MICHAEL HARABEDIAN et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; WAYNE SEYFERT, a Minor, etc., Real Party in Interest.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F. Walker for Petitioner.

No appearance for Respondent.

Cayer and Hegner for Real Party in Interest.

28

SPARKS, J. pro tem.*—Petitioners Michael Harabedian and his minor son, David Thomas Harabedian, are defendants in a lawsuit brought by plaintiff, Wayne Seyfert, a minor, by Mercedes Carroll, his guardian *ad litem*. Wayne is the real party in interest in this proceeding.

The accident out of which the action arose, happened on the evening of December 29, 1960, at the intersection of Norwalk Boulevard and Los Nietos Road in the city of Santa Fe Springs, County of Los Angeles, California. David was driving his father's 1959 Chevrolet sedan automobile and Wayne and another man, William J. Firmani, were riding with him. A car operated by defendant, Clinton L. Storm, was proceeding at the time in an opposite direction on Norwalk Boulevard. The two automobiles became involved at the said intersection, and as a result, the Chevrolet driven by David collided with a power pole owned by defendant Southern California Edison Company.

Plaintiff alleged in his complaint that defendant Michael Harabedian was negligent in the entrustment of the said 1959 Chevrolet to his son David; that David was guilty of wilful misconduct in the operation of the Chevrolet; that defendant, Clinton L. Storm, was negligent in the operation of his vehicle and that defendant, Southern California Edison Company, had negligently installed said power pole, and that this negligence was concurrent with the negligence and wilful misconduct of the other defendants. All of the defendants denied negligence or wilful misconduct and alleged that plaintiff himself was contributively negligent and that he had knowingly assumed the risk.

The case being at issue, a pretrial conference was held on April 21, 1961. A joint written statement of the matters agreed upon and of the contentions as to issues remaining in dispute, was prepared, signed by counsel for all parties and submitted to the court. In this joint statement, the status of discovery proceedings in reference to medical examinations, was described as follows: "Plaintiff has not been examined as yet by a physician of defendant's choice, although defendant, Clinton L. Storm, has requested such an examination; plaintiff is willing to submit to a reasonable physical examination, but desires that the defendants confer and agree upon a single doctor for such examination; plaintiff agrees that such examination will be performed at least thirty (30) days prior to

*Assigned by Chairman of Judicial Council.

trial; plaintiff, on the other hand, desires to reserve the right to have defendant, David Harabedian, examined by an optha-mologist [sic] of plaintiff's choice, said examination to be com-pleted at least thirty (30) days prior to trial; plaintiff also desires that defendant, David Harabedian, and his Guardian Ad Litem, defendant, Michael Harabedian, sign such authori-zations as may be necessary to enable plaintiff to examine the records of any and all doctors and optometrists who have examined defendant, David Harabedian's eyes within two (2) years of the date of said collision; said authorizations to be provided to plaintiff at least sixty (60) days prior to trial; except as indicated in this and the previous paragraph, no further discovery or law and motion proceedings or matters are pending or anticipated.''

Objection was made at said pretrial conference by counsel for defendants Harabedian to the ''Ophthalmological Exami-nation'' and ''Authorizations'' requested by plaintiff. The judge presiding over the conference after hearing argument of counsel, overruled said objection and made and entered his order as follows:

''(b) *Medical Examinations*. It was agreed at the pretrial hearing by counsel for all the appearing defendants that the defendants would agree upon a single orthopedic examination of the plaintiff and the plaintiff is ordered to submit to such examination at a time and place agreeable to all of the attor-neys. The examination shall be completed not later than thirty days prior to the trial date and upon the completion thereof the parties will make the exchange of the customary medical reports.

''(c) *Opthalmological* [sic] *Examination*. Over the objec-tion of counsel for defendant, David Thomas Harabedian, the pretrial judge ordered the said defendant, David Thomas Harabedian, to submit to an examination by an opthalmologist of plaintiff's choice, said examination to be held at a time and place convenient to both counsel and to be completed not later than thirty days prior to the trial. Upon completion of the opthalmological examination Mr. Hegner [counsel for plain-tiff] was directed to furnish a copy of the report to counsel for the examined defendant, David Thomas Harabedian.

''(d) *Authorizations*. Over the objection of his counsel, the defendant, David Thomas Harabedian, and his guardian ad litem, Michael Harabedian, are directed to sign such authorizations as may be necessary to enable Mr. Hegner to examine the records of any and all doctors and optometrists

who have examined David Thomas Harabedian's eyes within two years prior to the date of the collision. Said authorizations are to be provided Mr. Hegner at least sixty days prior to the trial date.''

Motion was thereafter made by said defendants' counsel to modify the pretrial conference order by striking therefrom portions designated as paragraph (c) ''Ophthalmological Examination'' and paragraph (d) entitled ''Authorizations.'' In the declaration attached and in support of the motion, it was admitted that David had testified in his deposition that there was a congenital defect in his right eye and that he.did not know what his vision was except that objects were blurred. It was alleged, however, that he has never worn glasses and that he has a valid California operator's license unrestricted; that no issue had been raised in the pleadings or in the pretrial order with respect to the condition of David's eye, and there had been no claim of any injury to the eye.

The motion to modify the pretrial conference order was denied, whereupon petition was filed in this court for writ of mandate to compel respondent court to delete said paragraphs (c) and (d) from its said order, or for writ of prohibition restraining said court from taking further proceedings or making any further orders affecting petitioners, based upon said paragraphs ''(c)'' and ''(d).''

▮ A writ of mandamus may issue not only to enforce a proper discovery right (*Dowell* v. *Superior Court*, 47 Cal.2d 483 [304 P.2d 1009]; *Powell* v. *Superior Court*, 48 Cal.2d 704 [312 P.2d 698]; *Walker* v. *Superior Court*, 155 Cal.App. 2d 134 [317 P.2d 130]; *Jorgensen* v. *Superior Court*, 163 Cal. App.2d 513 [329 P.2d 550]), but also to prevent improper discovery proceedings, including physical examinations. (*Sharff* v. *Superior Court*, 44 Cal.2d 508 [282 P.2d 896, 64 A.L.R.2d 494]; *Gonzi* v. *Superior Court*, 51 Cal.2d 586 [335 P.2d 97].)

Two points are urged by petitioners as a basis for the issuance of an extraordinary writ here. It is contended that respondent court acted improperly in excess of its jurisdiction and without legal authority in: (1) ordering an ophthalmological examination be made of defendant, David Harabedian, (2) ordering authorizations enabling plaintiff's counsel to examine doctors' and optometrists' records pertaining to said defendant for two years prior to the accident.

In his answer to the petition for writs, real party in interest, said plaintiff, Wayne Seyfert, expresses no objection to the

deletion of that portion of the pretrial order relating to the examination of the records of doctors and optometrists who had examined David during the two years prior to the accident. We shall therefore confine our attention to the first point alone.

The inherent power of a court to order a physical examination of the plaintiff in a personal injury case has been recognized in California for many years. (*Johnston* v. *Southern Pacific Co.*, 150 Cal. 535 [89 P. 348, 11 Ann.Cas. 841]; *Dodge* v. *San Diego Electric Ry. Co.*, 92 Cal.App.2d 759 [208 P.2d 37]; *Sharff* v. *Superior Court, supra,* 44 Cal.2d 508.) By the enactment of the new Discovery Act the authority of the court was codified and the scope of the examination enlarged. (Code Civ. Proc., § 2032.) This section now permits the examination of a "party" or of an agent or a person in the custody or under the legal control of a party, whenever the mental or physical condition of such person is in controversy in the court in which the action is pending.

Statutes relating to discovery procedures should be liberally construed in favor of disclosure. (*Grover* v. *Superior Court,* 161 Cal.App.2d 644, 648 [327 P.2d 212]; *Smith* v. *Superior Court,* 189 Cal.App.2d 6, 10 [11 Cal. Rptr. 165]; *Caryl Richards, Inc.* v. *Superior Court,* 188 Cal.App.2d 300, 303 [10 Cal.Rptr. 377]; *Rolf Homes, Inc.* v. *Superior Court,* 186 Cal.App.2d 876, 882 [9 Cal.Rptr. 142]; *Grand Lake Drive In* v. *Superior Court,* 179 Cal.App.2d 122, 129 [3 Cal.Rptr. 621]; *Pettie* v. *Superior Court,* 178 Cal.App. 2d 680, 689 [3 Cal.Rptr. 267]; *Clark* v. *Superior Court,* 177 Cal.App.2d 577, 580 [2 Cal.Rptr. 375]; *Laddon* v. *Superior Court,* 167 Cal.App.2d 391, 395 [334 P.2d 638].) "In determining whether or not there has been an abuse of discretion it should be borne in mind that the Discovery Act is to be liberally construed." (*Smith* v. *Superior Court, supra,* 189 Cal.App.2d 6, 10.)

In the case before us, two of the main issues as joined by the pleadings and defined in the pretrial conference order, are the alleged wilful misconduct of the defendant-driver, David, and the allegation of the negligent entrustment of the car to him on the part of his father, Michael Harabedian. Adhering to the doctrine of liberal construction in discovery procedure we conclude from the record before us, namely, the admission of a congenital defect in one eye, and of a "blurring," that the condition of defendant-driver's eyesight was

32

and is in controversy in the principal action, and that the trial court in ordering an ophthalmological examination was not acting in excess of its proper authority. We do not consider the holding in *Laubscher* v. *Blake,* 7 Cal.App.2d 376 [46 P.2d 836], to be contrary. In that case there was nothing in the record suggesting defective vision. Although it was decided long before[1] the enactment of said section 2032, Code of Civil Procedure, the court nevertheless assumed that it would have been within the power of the trial court to have ordered an examination of defendant's eyesight, had there been such an issue. (*Laubscher* v. *Blake, supra,* pp. 382-383; Stanbury, California Trial and Appellate Practice, vol. 1, § 141, pp. 172, 173.)

Petitioners further contended that respondent court acted illegally and in excess of its jurisdiction in ordering said examination without written motion duly noticed, and upon a showing of good cause. It is true, the statute prescribes that the order may be made only on motion for good cause shown, and upon notice to the person to be examined. It appears noteworthy that the statute itself distinguishes between the *motion* and *notice* thereof. The two terms, ''motion'' and ''notice of motion'' are sometimes used interchangeably, although they are not actually identical. A *motion* is defined to be an application for an order. (Code Civ. Proc., § 1003.) A *motion* is made orally in court and written notice thereof need not be given unless required by statute. The *notice of motion,* however, must be in writing, and must state when, and the grounds upon which it will be made, and the papers, if any, on which it is to be based. (Code Civ. Proc., § 1010.)

■ We conclude from the preciseness with which the two terms are used in said section 2032, subdivision (a) that the motion for physical examination need not be in writing, but may be made orally in court, although written notice thereof must be given in the manner prescribed in Civil Procedure Code, section 1010, unless such notice was waived.

The rules governing pretrial conferences require that all discovery proceedings must be completed before the pretrial conference except that the court '[a]t or before the pre-trial conference . . . , for good cause shown, may order that the time for completion of any or all depositions and discovery proceedings be extended to a time following the pre-trial conference but before the time set for trial.'' (Rule 8.2(d).)

[1]June, 1935.

At the conference itself the court has authority to consider and act upon "[w]hether the depositions, inspection of writings and other discovery proceedings, and the physical examinations, if any, have been completed under Rule 8.2; and, if not, the fixing of time limits therefor." (Rule 8.4(a)(7).) "[T]he parties may by stipulation also submit, and the judge may thereupon determine, any other matter which will aid in the disposition of the case." (Rule 8.4(b).)

 In the proceeding before us the joint pretrial conference statement, as we have seen, recited that neither the physical examination of plaintiff nor the ophthalmological examination of defendant-driver had been completed, and that such examinations were desired. True, defendants objected to the ophthalmological examination as well as to the inspection of the medical records. The matter however, was argued and submitted to the court and thereafter included in its order. We hold under such circumstances that notice of motion for the physical examination was waived. (*Estate of Pailhe,* 114 Cal.App.2d 658 [251 P.2d 76]; *Chapman* v. *Gipson,* 103 Cal.App.2d 585 [229 P.2d 834]; *Walberg* v. *Underwood,* 39 Cal.App. 748 [180 P. 55]; *Overton* v. *White,* 18 Cal.App.2d 567 [64 P.2d 758, 65 P.2d 99]; *Simmons* v. *Simmons,* 45 Cal.App.2d 695 [114 P.2d 659].) The rule is summarized in Witkin, California Procedure, volume 2, page 1642, thus: "Just as noncompliance with the jurisdictional requirement of service of process may be cured by a general appearance of the *party* in the *action,* the less serious defect of failure to serve proper notice of motion may be cured by the appearance of *counsel* and his participation in the *hearing* without objection."

 The final contention of petitioners is that the said order for ophthalmological examination failed to comply with section 2032, Code of Civil Procedure, in that it did not specify the time, place, manner, conditions and scope of the examination of the person or persons and by whom it is to be made. With this contention we agree. A statute which is clear and unambiguous does not admit of judicial interpretation or construction, and exceptions should not be read into it. (*In re De Neef,* 42 Cal.App.2d 691 [109 P.2d 741].)

 Although discovery proceedings are to be liberally construed, it is obvious that the order of the court failed to comply with the statute in these respects and is therefore defective in its present form.

It is our conclusion that a writ of mandate should issue directing the respondent court to delete from its said order paragraphs (c) and (d) thereof and further directing said court to enter an appropriate order for an ophthalmological examination of petitioner, David Harabedian, providing therein the matters required by section 2032, Code of Civil Procedure. (*Dowell* v. *Superior Court, supra,* 47 Cal.2d 483; *Powell* v. *Superior Court, supra,* 48 Cal.2d 704; *Blue* v. *Superior Court,* 147 Cal.App.2d 278 [305 P.2d 209].)

It is so ordered.

Shinn, P. J., and Ford, J., concurred.