## FOURTH DEPARTMENT, OCTOBER, 1965

## (October 21, 1965)

■ CHRISSA CONSTANTINE, as Administratrix of the Estate of CONNIE CONSTANTINE, Deceased, Appellant, v. FREDERICK C. DIELLO et al., Respondents. — Order unanimously reversed, with costs, and motion denied, without costs. Memorandum: Plaintiff appeals from a Special Term order which vacated her notice for an eye examination of defendant Diello. Such an examination may be permitted only if it appears that the eye condition is in controversy in the action. (CPLR 3121, subd. [a].) The action is brought to recover damages resulting from the wrongful death of plaintiff's intestate, which was caused by her collision with a motor vehicle being operated by said defendant along a public highway across which she was walking or running. In a motor vehicle hearing after the accident, defendant, Diello, testified that his vehicle was traveling at a speed of between 15 and 20 miles per hour and that he did not see her until she ran into the side of it. He further testified that the accident occurred in daylight and that his view was unobstructed. An eye test taken at the hearing disclosed that his vision was impaired. Plaintiff in her bill of particulars alleges that the defendant was negligent in that he operated the vehicle while suffering from defective eyesight. In our opinion appellant's proof in opposition to the motion to vacate her notice for an eye examination is sufficient to establish that said defendant's eye condition is in controversy. In *Harabedian* v. *Superior Ct.* (195 Cal. App. 2d 26, 31; 89 ALR 2d 994, 999) the court, in holding that a defendant-motorist's eye condition was in controversy, said: "Adhering to the doctrine of liberal construction in discovery procedure we conclude from the record before us, namely, the admission of a congenital defect in one eye and of a ' blurring ', that the condition of defendant-driver's eyesight was and is in controversy." The requirement of CPLR 3121 (subd. [a]) that the examination be allowed only if the physical condition of the party is in controversy does not, of course, mean that the movant must prove his case on the merits in order to meet the requirements for a physical examination but he must produce sufficient information to satisfy the court that such condition is in controversy. (*Schlagenhauf* v. *Holder*, 379 U. S. 104.) In this case appellant's proof is sufficient to entitle her to the examination specified

in her notice. (Appeal from order of Onondaga Special Term granting a protective order to defendant Diello.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.