FOURT, J.
 

 On August 2, 1966, Boland Howard Bryan filed notice of appeal from the trial court's order of July 28, 1966, granting the application of his former wife, Joanne Bryan, for a writ of execution, and denying his motion to dismiss her application. On October 27 he filed notice of appeal from the trial court’s order of October 6, 1966, denying his motion for various orders including stay of execution. On October 19, 1966, he was served with a marshal’s notice of sale of his residence and on October 31, 1966, he petitioned for a writ of supersedeas which this court issued on November 3, 1966, pending hearing on the consolidated appeals.
 

 The facts as we are able to reconstruct them from the record on appeal disclose that Boland and Joanne Bryan were married in 1946 and that in October 1953, Boland filed for divorce in Kern County, California. On November 13, 1953, the court entered its order granting Joanne custody and permission to move with the three minor children of the parties to Colorado. Boland was ordered to pay $75 per month pendente lite child support for nine months of each year and was granted visitation privileges, at his expense, for the three summer months. One month following the entry of the pendente lite order, and prior to the hearing on the interlocutory decree, Joanne and the children moved with Boland’s knowledge and consent to Meeker, Colorado, where they at first resided with her mother.
 

 On February 28, 1955, Joanne, proceeding without personal service on Boland, obtained an ex parte divorce in Colorado which granted her custody of the children but made no mention of child support. No interlocutory judgment of divorce was entered and no subsequent order was made in the California action until October 5, 1965, when Joanne applied for and obtained an order issuing a writ of execution. This order was based upon a computation of
 
 *832
 
 arrearages due under the pendente lite child support order of November 13, 1953. On February 17, 1966, Roland made a motion to quash the writ and to determine that the pendente lite order for child support was terminated by the ex parte Colorado divorce. This motion was supported by points and authorities, a copy of the Colorado divorce decree, and Roland’s declaration. On March 7, 1966, Joanne filed her affidavit in opposition to the motion to quash.
 

 Roland’s declaration stated that he stopped making child support payments in February 1954, because Joanne would not tell him where the children resided and refused him summer visitation. When he learned of the Colorado divorce in 1955, Roland was informed and believed that his support obligation was thereby terminated. He understood that Joanne had remarried and that her new husband was taking good care of the children. He stated further that he is now making child support payments under an order for reciprocal support entered February 16, 1955, but that he has no ability to pay arrearages of approximately $8,000. He has three children by a presently existing marriage to support, and his wife drives a school bus to supplement the family income.
 

 Joanne’s affidavit in opposition stated that Roland made only one payment for child support in January 1954, although he knew that the family had a “General Delivery” address in Meeker, Colorado, where they lived with her mother. Thereafter, he failed to answer Joanne’s letters and his mother, with whom Joanne continued to correspond, refused to disclose his address. When Joanne decided to obtain a Colorado divorce, she did not know Roland’s current address and could not obtain personal service on him, hence the Colorado court was without jurisdiction to award child support. Until she was contacted by Roland’s present wife in the fall of 1964, Joanne did not know of his whereabouts or she would have taken earlier action to enforce child support payments. Finally, despite the fact that Roland’s mother, with whom Joanne continued to correspond until her death in recent years, always had Joanne’s current address, never did Roland contact Joanne or make any effort to visit their children.
 

 On April' 18, 1966, the court, proceeding on these affidavits, declared that the' pendente 1-it'e ■ order was not ipso facto terminated by' the' ex parte Colorado divorce but quashed the writ of execution without prejudice and re
 
 *833
 
 strained Joanne from taking any further enforcement action except upon a noticed motion.
 
 [1]
 
 On July 13, 1966, Joanne filed and served upon Roland’s attorney a “Notice of Motion for Court to Issue Writ of Execution” supported solely by a similar application for an order and “the records and files in this action.” Roland filed no counterdeelarations or affidavits and made no formal motion in opposition thereto on the merits. Roland’s attorney, however, made a special appearance at the time scheduled for hearing to attack the sufficiency of Joanne’s application. It was at that time contended, as it is contended on this appeal, that the application for the writ was improperly made because the California action had been terminated by the Colorado divorce, thus rendering personal service upon Roland essential to the California court’s jurisdiction, and because the application failed to comply with the court’s order of April 18, 1966. The court determined at the hearing on July 28, 1966, that it had jurisdiction to hear the matter, ordered the writ of execution to issue in the amount stated on its face and denied the oral motion by Roland’s counsel, Roland filed a notice of appeal from this order on August 1, 1966, thus removing from the jurisdiction of the trial court all further consideration of the matters involved in that appeal.
 
 (Estate of Sherman,
 
 46 Cal.2d 534 [297 P.2d 425].) Roland nonetheless on September 22, 1966, filed additional requests for orders in the trial court and these, as well as his alternative motion to stay execution of the writ issued July 28, were denied on October 6,1966.
 

 On October 31, 1966, following notice that his home was to be sold at public auction to satisfy the writ, Roland filed with this court his petition for a writ of supersedeas bringing to the court’s attention the appeals herein consolidated ; supersedeas issued November 3, 1966. On October 23, 1967, the record on appeal from the order of October 6, 1966, was filed with this court without briefs and both
 
 *834
 
 appeals were heard on October 24, the court consenting that appellant’s brief on the first appeal might apply to both.
 

 Appellant first contends that the California court lacked jurisdiction to entertain his former wife’s motion for a writ because she failed to obtain personal service upon him, but this contention is without merit. The statutory law of California imposes upon each father the primary liability to support his minor children (Civ. Code, §§ 196, 242), and the court may, either during the pendency of an action for divorce (Civ. Code, § 137.2) or in an action separate and distinct from any divorce litigation (Civ. Code, § 137.1) enter an order, enforceable by execution, for the father to make support payments for his minor children. The pendente lite order entered in the instant ad ion providing for custody and child support was valid and proper. There is no claim that the action for divorce or any portion of the proceedings initiated by appellant on October 15, 1953, has been dismissed. No action was taken in that divorce proceeding until Joanne’s recent effort to enforce the pendente lite order as to current payments and arrearages. The only intervening event was the final decree of divorce obtained by Joanne in Colorado in 1955, which terminated the marriage and determined custody, but made no mention of child support. Joanne having defaulted and moved to Colorado, had no alternative when the California action was not pursued to judgment, but to institute a separate action to obtain a final divorce decree in the state of her residence. The court, in an ex parte divorce, however, has no jurisdiction to award the wife a money judgment for child support from a husband over whom it has no personal jurisdiction. “The concept of divisible divorce is now well established. [Citations.] Under this concept an ex parte divorce decree affects the marital status of the parties but not their property rights. Divorce proceedings in which the court has not obtained personal jurisdiction over both parties may not prejudice the property rights of the absent spouse. [Citations.] ”
 
 (Mehrstein
 
 v.
 
 Mehrstein,
 
 245 Cal. App. 2d 646, 649 [54 Cal.Rptr. 65].) Since the Colorado court was without jurisdiction to adjudicate and order the absent husband to make child support payments, it follows that its decree did not ipso facto terminate the California order for child support
 
 (Hudson
 
 v.
 
 Hudson,
 
 52 Cal.2d 735, 740, 743 [344 P.2d 295] ;
 
 Campbell
 
 v.
 
 Campbell,
 
 107 Cal.App.2d 732, 734-736 [238 P.2d 81] ;
 
 Vanderbilt
 
 v.
 
 Vanderbilt,
 
 354 U.S. 416 [1 L.Ed.2d 1456,77 S.Ct. 1360]).
 

 
 *835
 
 No action having been taken to dismiss the California divorce litigation, it continued an action pending in our courts, and the support order rendered therein constitutes for all legal intents and purposes a separate judgment of continuing and independent vigor, although ancillary to the principal action. “While an application for alimony pendente lite is not a separate action, an order for such alimony ‘is to all legal intents and purposes a judgment, ’ independent of the final judgment in the action. ’ ’
 
 (Douglas
 
 v.
 
 Douglas,
 
 164 Cal.App.2d 225, 230 [330 P.2d 655].) Consequently, although the divorce and custody elements of this action merged in the final divorce decree issued by the Colorado court to which California owes full faith and credit, the child support provisions retain validity. The underlying action did not spontaneously die when a similar action was instituted and litigated in a foreign jurisdiction. If a foreign court having personal jurisdiction completely adjudicated the case its judgment would constitute merely the basis for a plea in abatement of the California action which had not been dismissed or otherwise terminated.
 

 Roland, however, contends erroneously that because the action was terminated by the foreign decree, he is entitled to personal service under the terms of Civil Code section 147.
 
 [2]
 
 Although Roland’s address was known to Joanne and her attorney at the time her application for a writ of execution was first made, and thereafter, it is conceded that at no time was he personally served, but service was made instead upon his attorney of record. Appellant recognizes that Civil Code, section 147, applies solely to cases where there has been a final decree of divorce, separate maintenance or annulment, or to an independent action for child support (Civ. Code, § 137.1), but he refuses to acknowledge that the California divorce proceeding is, as we have determined, still pending. Ultimately the issue is rendered moot by the failure of appellant’s counsel to preserve
 
 *836
 
 the .integrity of his announced special appearance by attempting to oppose the order for the writ on the merits before the July 28 hearing terminated.
 
 [3]
 

 Roland further contends that the noticed motion requesting an order for a writ of execution as presented by his former wife was deficient because it failed to satisfy the April 18 order of the court. Roland thereby misinterprets that order (see fn. 1) which required only that Joanne make application for a writ upon noticed motion. The additional directions therein contained referring to pertinent evidence must be considered adjective only and the order fails to have the legal effect which counsel appears to urge, of shifting the burden to Joanne to present evidence in excess of a prima facie showing of her right to the writ. Although execution may be denied for unpaid installments of child support falling within the 10-year statute of limitations on judgments, the burden is upon the one opposing the writ to make a sufficient counter-showing that such an order would be inequitable or cause undue hardship. “. . ,[P]laintiff prima facie established her right to execution, and the burden was on defendant to establish facts showing that the writ should not issue. . . . [since] in the nature of such decrees subsequent events may make it inequitable longer to enforce them or the instalments may
 
 *837
 
 have beén-paid, and for that reason the defendant should be given
 
 notice and an opportunity to make a legal showing before execution issties.”
 
 (Italics added.)
 
 (Cochrane
 
 v.
 
 Cochrane,
 
 57 Cal.App.2d 937, 939 [135 P.2d 714];
 
 Shields
 
 v.
 
 Superior Court,
 
 138 Cal.App. 151 [31 P.2d 1045].) The showing by declaration filed with Roland’s motion to quash which was granted on April'18, 1966, disclosed the potential factual issue of hardship which prompted the court to enhance its order with suggestive statements, but it remained incumbent upon Roland to prepare and present to the court, upon a proper motion, the evidence which would disclose voluntary contributions to the support of the children by persons other than their mother, and acute hardship upon his present family were the execution to be exercised upon his current family residence.
 

 Finally, the trial court committed no abuse of discretion in ordering the writ to issue as requested by Joanne upon a prima facie showing. The oral motion made by Roland’s counsel upon special appearance was properly denied for reasons hereinabove set forth. Although he had filed no formal notice of opposition to the issuance of the writ upon the merits and no motion to quash, Roland’s counsel then attempted to oppose respondent’s application for the writ on the merits (see fn. 3). The court had no jurisdiction to consider a motion thus improperly urged
 
 (Harabedian
 
 v.
 
 Superior Court,
 
 195 Cal.App.2d 26, 32 [15 Cal.Rptr. 420, 89 A.L.R.2d 994];
 
 Harris
 
 v.
 
 Board of Education,
 
 152 Cal.App.2d 677, 682 [313 P.2d 212] ; Code Civ. Proc., § 1010.) The issuance of a writ of execution ancillary to a divorce proceeding is discretionary, but discretion may be exercised only when a counter-showing upon evidence properly prepared is submitted to the court.
 
 (Messenger
 
 v.
 
 Messenger,
 
 46 Cal.2d 619, 630 [297 P.2d 988]; Civil Code, § 139.)
 

 As to the second appeal, aside from all the procedural, and jurisdictional problems involved, we note that Roland in his motion once again asserted the same legal issues, apparently in an excess of zeal to delay further action until an appellate determination on the issues could be obtained. The trial court properly denied his request for further orders, which was filed on September 22, after his appeal from the July 28 order, and based upon the same grounds already determined adversely to Roland in the proper hearing.
 

 
 *838
 
 . . [I]t is the substantive issues of the hearings and not the procedural aspects of the appeals which cannot embrace the same matters if the court below is to proceed.”
 
 (Estate of Sherman, supra,
 
 46 Cal.2d 534, 536-537.) The conclusions hereinabove stated therefore apply with similar force and effect to the second appeal.
 

 The orders of the trial court issued July 28, 1966, and October 6, 1966, are hereby affirmed.
 

 Wood, P. J., and Lillie, J., concurred.
 

 [1]
 

 ‘‘It Is Ordered that:
 

 ”1. Father’s motion to quash the writ of execution, ordered issued October 5, 1965, is granted,
 
 without prejudice, however,
 
 to a noticed motion by Mother for a writ in such amount as all pertinent evidence, including contributions between 1956 and 1965 by Mother’s present husband and any other persons to the support of the children involved, may show to be justly due.
 

 “2.
 
 As to Point 2, Father’s motion is denied.
 

 “3. Mother and her attorneys are restrained from taking any action to enforce said pendente lite order of November 13, 1953, except pursuant to order of the Court made upon noticed application or motion. ’ ’
 

 [2]
 

 Civil Code, section 147, provides as follows: ' ‘ After the granting of a final decree of divorce, a final decree or judgment in an action for separate maintenance, a final decree of annulment, or an order for the support, maintenance or custody of minor children, no modification of the decree, judgment or order and no other order of the court in the divorce, separate maintenance, annulment, or child support, maintenance or custody action shall be valid unless any prior notice otherwise required to be given to a party to the action be served, in such manner as such notice is otherwise permitted by law to be served, upon the party himself. For such purpose service upon the attorney of record shall not be sufficient. ’'
 

 [3]
 

 "The Court: All right. Is the motion to dismiss submitted?
 

 "Mr. Hecht: Yes.
 

 "Mr. Greenberg: Yes.
 

 "The Court: Motion is denied. Anything further?
 

 "Mr. Hecht:.Well, your Honor, number one, I call the Court’s attention to the extensive points and authorities and declarations in this matter that were earlier submitted. I submit to the Court that to burden this man with a $7 or $8,000.00 judgment on arrearage for child support when the facts are as stated in the affidavits would be an impossible burden on him. It would really destroy his life.
 

 "The Court: The thing to do is to take the matter to the District Court and determine how it should be litigated.
 

 "Mr. Hecht: It probably is. We have already litigated the matter. We have already shown it is an impossible burden for him. We have already shown the wife is not entitled to pick up these arrearages because she didn’t support the children herself during this time.
 

 ‘ ‘
 
 Again I submit that the law is clear, the Court does not have to issue a writ of execution on arrearages where the wife has not supported the children during that time, and the matter has already come up for reciprocal action and been litigated there.
 

 ‘1 The Court : I have made the determination on the motion. Whatever you wish to do—
 

 "Mr. Heoht: I submit to the Court, based on the record, we should have been given a chance. How much did this woman contribute to the support of the children during this nine years in question?
 

 11
 
 The Court : I have already determined this matter. ’ ’