[No. A044846. First Dist., Div. Four. June 29, 1989.]

BILL SLAGLE, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
ARTHUR C. MARYON, JR., et al., Real Parties in Interest.

COUNSEL

Robert W. Lazzarini and Lazzarini & Frazier for Petitioner.

No appearance for Respondent.

Rita Rowland and McCray, Rowland & Donovan for Real Parties in Interest.

OPINION

CHANNELL, J.—Petitioner Bill Slagle seeks a writ to require respondent court to grant his motion to quash a subpoena for medical records which petitioner claims are privileged. We conclude that the records are discoverable under section 999 of the Evidence Code.[1]

The lawsuit arises out of an automobile accident on April 7, 1987. On April 4, 1988, petitioner filed an action for personal injuries against real parties in interest herein on the theory that real party Margaret Maryon negligently backed her car out of an angle parking space and hit petitioner's car. Real parties filed an answer alleging contributory negligence on the part of petitioner and a cross-complaint against petitioner for equitable contribution and indemnity.

During the course of discovery, real parties served a subpoena duces tecum on John Muir Hospital and Roger Greenwald, M.D. seeking petitioner's medical records. Petitioner moved to quash the subpoenas contending that he was never treated at John Muir Hospital or by Dr. Greenwald for any injuries related to the accident and thus the patient-litigant

---

[1] All statutory references are to the Evidence Code unless otherwise indicated.

exception to the physician-patient privilege did not apply. In opposition, real parties contended that the motion to quash was untimely under section 1985.3 subdivision (e)(2) of the Code of Civil Procedure and that the records are relevant to the damages petitioner suffered in the accident and to the issue of liability. In regard to the latter point, real parties provided handwritten notes of real party Arthur C. Maryon, Jr., while at the hospital on the day of the accident. One of these notes stated that Mr. Maryon overheard petitioner tell the doctor that he was blind in both eyes six months prior to the accident.

Respondent court denied the motion and required the production of the records. We review this decision on a petition for extraordinary writ because petitioner claims a privilege and because the issue raised is one of first impression. (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739]; *Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 180-186 [23 Cal.Rptr. 375, 373 P.2d 439].)

■ We turn first to real parties' contention that the motion to quash was untimely. Section 1985.3 of the Code of Civil Procedure sets forth the procedure for serving a subpoena for personal records of what the section refers to as a "consumer." Subdivision (e) requires that a copy of the subpoena must be served on the consumer with a notice which informs the consumer of three things: (1) that a subpoena for his records has been sought; (2) that if he objects to the witness furnishing the records he "must file papers with the court prior to the date specified for production on the subpoena"; and (3) that if the party seeking the records will not agree to cancel or limit the subpoena, the consumer should consult an attorney. Subdivision (g) provides that the consumer "may, prior to the date for production, bring a motion . . . to quash or modify the subpoena . . . ." The witness, having been informed of the motion, is then not required to produce personal records until the matter is resolved.

Nothing in the procedure set forth above suggests that a court lacks jurisdiction to consider a motion to quash if it is brought after the date set forth in the subpoena for production. The time limits mentioned in the procedure for bringing the motion are obviously designed to guide those involved as to when the witness with the records may safely honor or not honor the subpoena when the consumer objects. Real parties contend that the court did not abuse its discretion in denying the motion to quash since the motion was not brought prior to the date for production set forth in the subpoena. This is a frivolous argument since there was no exercise of

discretion on this ground. The court simply ignored the argument and went to the merits of the motion to quash to which we now turn our attention.

■ Section 994 provides, subject to statutory exceptions, that a "patient, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and physician . . . ." To the extent that the privilege applies, it operates as a bar to discovery of even relevant information. (Code Civ. Proc., § 2017, subd. (a).) ■ "[T]here can be no discovery of matter which is privileged." (*Rudnick* v. *Superior Court* (1974) 11 Cal.3d 924, 929 [114 Cal.Rptr. 603, 523 P.2d 643].)

■ An exception to the physician-patient privilege which was asserted by real parties below is that afforded by section 996. Under that exception, "[t]here is no privilege . . . as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by . . . [t]he patient." A patient tenders the issue of his physical health if he files an action for personal injuries but only as to information which relates to the claimed injuries. (*Britt* v. *Superior Court* (1978) 20 Cal.3d 844, 862-864 [143 Cal.Rptr. 695, 574 P.2d 766].) Petitioner made clear on his motion to quash that he was not seeking to recover for any injury to his eyes. The patient-litigant exception, therefore, does not apply nor do real parties any longer pursue this argument.

■ Real parties rely solely on the exception to the physician-patient privilege contained in section 999. That section reads as follows: "There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient *in a proceeding to recover damages on account of the conduct of the patient* if good cause for disclosure of the communication is shown." (Italics added.)

We are concerned here with whether this section applies if the patient whose records are sought is the plaintiff. At first glance, an action for personal injuries could be construed as a proceeding to recover damages solely "on account of the conduct of" the defendant. (See *Jones* v. *Superior Court* (1981) 119 Cal.App.3d 534, 544 [174 Cal.Rptr. 148].) However, if a defendant who has been sued for personal injuries files an answer alleging comparative negligence as an affirmative defense or files a cross-complaint against the plaintiff for his or her own injuries, we think it unclear whether or not the proceeding is one "to recover damages on account of the conduct of the patient." (§ 999.)

The application of section 999 here is sufficiently in doubt to permit the use of extrinsic aids to ascertain the legislative intent behind the statute. (*County of San Diego* v. *Superior Court* (1986) 176 Cal.App.3d 1009, 1021 [222 Cal.Rptr. 484].) These include the history of the legislation and the comments of the law revision commission which studied the problem addressed by the legislation. ■ "Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law. [Citation.]" (*Brian W.* v. *Superior Court* (1978) 20 Cal.3d 618, 623 [143 Cal.Rptr. 717, 574 P.2d 788].)

■ Section 999 originally created an exception to the physician-patient privilege for a civil action to recover damages based on "conduct of the patient which constitutes a crime." In 1974, the California Law Revision Commission recommended the elimination of the "criminal conduct" exception and the substitution of a "good cause" exception. (12 Cal. Law Revision Com. Rep. (1974) pp. 602-608.) The specific recommendation was for the following language: "There is no privilege under this article as to a communication relevant to an issue concerning the condition of a patient who is a party to the proceeding where good cause for the disclosure of the communication is shown to the presiding officer." (*Id.*, at p. 607.) If this had been the language actually enacted, there would be no question but that the medical records of a plaintiff would be discoverable. However, instead of applying the exception to a "party," the statute applies it to a "patient in a proceeding to recover damages on account of the conduct of the patient." The Law Revision Commission comments to the statute suggest that this change was a broadening, not a narrowing, of the exception. "Section 999 permits disclosure *not only* in a case where the patient is a party to the action *but also* in a case where a party's liability is based on the conduct of the patient." (Deering's Ann. Evid. Code (1986 ed.) § 999, p. 177; 29B West's Ann. Evid. Code (1989 pocket supp.) p. 80.)

■ "Statutes relating to discovery procedures should be liberally construed in favor of disclosure. [Citations.]" (*Harabedian* v. *Superior Court* (1961) 195 Cal.App.2d 26, 31 [15 Cal.Rptr. 420, 89 A.L.R.2d 994].) ■ Adhering to this doctrine of liberal construction and in view of the legislative history of section 999, we interpret the section to include within its scope medical records of a plaintiff where the plaintiff's conduct is shown to be relevant to the issue of proximate causation if "good cause for disclosure" is shown.

Petitioner raises the specter of unlimited discovery of a plaintiff's medical records in order to ferret out a possible defense to an action for damages.

We emphasize, however, that real parties here, through the unprivileged information that petitioner was blind six months before the accident, showed good cause to believe that the history of treatment to petitioner's eyes was relevant to the cause of the accident. If petitioner fears that the medical records ordered produced will reveal information not relevant to the condition of his eyesight at the time of the accident, he may request an in camera inspection of the records to segregate the irrelevant information.

The alternative writ is discharged and the petition is denied.

Anderson, P. J., concurred.

**POCHÉ, J.**—I respectfully dissent.

Evidence Code section 999[1] creates an exception to the physician-patient privilege for "a communication relevant to an issue concerning the condition of the patient *in a proceeding to recover damages on account of the conduct of the patient . . . .*" (Italics added.) The proceeding here is not to recover damages on account of the conduct of the patient. Defendant neither alleges he suffered damages nor seeks to recover damages on account of plaintiff's conduct. The clear and unambiguous language of section 999 therefore does not fit this situation.

Nor does the legislative history lend itself to the construction adopted by the majority opinion. It does just the opposite. In 1974 the California Law Revision Commission recommended amending section 999 to produce the very result suggested by the majority. (See 12 Cal. Law Revision Com. Rep. (1974) pp. 602-608.) The Legislature, however, *rejected* that recommendation.

The comment of the Law Revision Commission to the enacted statute is even less supportive of the majority's construction of section 999. The gist of the comment, as well as its emphasized wording, reveals the obvious and single goal of the Legislature was to cover a derivative action based upon the doctrine of respondeat superior. As the commission commented: "Section 999 permits disclosure *not only* in a case where the patient is a party to the action *but also* in a case where a party's liability is based on the conduct of the patient. An example of the latter situation is a personal injury action brought against an employer based on the negligent conduct of his employee who was killed in the accident." (Italics added; see Cal. Law Revision

---

[1] All further statutory references are to the Evidence Code.

Com. com., Deering's Ann. Evid. Code (1986 ed.) § 999, p. 177; 29B West's Ann. Evid. Code (1989 pocket supp.) p. 80.) The party to which this comment refers must be the defendant, since it is the defendant, not the plaintiff, who is potentially liable.

In sum, neither the actual wording of section 999, nor the legislative history provides a pad sufficient to support the majority's leap frogging to permit discovery of plaintiff's medical records. I would therefore issue a peremptory writ directing respondent superior court to grant the motion to quash the subpoena directed at plaintiff's medical records.