[Civ. No. 18892. First Dist., Div. One. Nov. 10, 1960.]

EUGENE A. TALIAFERRO, Appellant, v. THOMAS COAKLEY, Judge of the Superior Court, etc., Respondent.

Eugene A. Taliaferro, in pro. per., for Appellant.

John A. Nejedly, District Attorney, Charles L. Hemmings, Chief Civil Deputy District Attorney, and Charles R. Mack, Deputy District Attorney, for Respondent.

BRAY, P. J.—Plaintiff appeals from a judgment in favor of defendant Coakley after order granting motion for summary judgment.

### QUESTIONS PRESENTED

1. Will summary judgment apply in a mandamus proceeding?
2. Will summary judgment lie when no answer is filed?
3. Effect of failure to file counteraffidavit.
4. Failure to file points and authorities on motion.

260

RECORD

. Plaintiff as a taxpayer sued defendant Coakley, the Judge of the Superior Court of Mariposa County (who presided pro tem. in the Superior Court of Contra Costa County in actions in which plaintiff was involved), the Board of Supervisors of Contra Costa County, the County Treasurer, the District Attorney, the Controller of the State of California and the Attorney General. The gist of his action is that defendant Coakley wrongfully received payments of travel expenses and salary, for which plaintiff prays judgment, and also asks that a writ of mandate issue ordering the other defendants to investigate and bring suit and take other proceedings for the recovery of said payments. Defendant Coakley, without answering, filed a motion for summary judgment, filing an affidavit in support thereof. Plaintiff filed no counter-affidavit. The other defendants did not participate in the motion. The court granted the motion.

1. *Summary Judgment in Mandate.*

 *Loveland* v. *City of Oakland* (1945), 69 Cal.App.2d 399 [159 P.2d 70], decided that section 437c, Code of Civil Procedure, as it then read, did not apply to mandamus proceedings and hence summary judgment would not lie in such proceedings. At that time section 437c limited summary judgment proceedings to actions ''to recover upon a debt or upon a liquidated demand . . . or to recover an unliquidated debt or demand for a sum of money only arising on a contract express or implied in fact or in law or to recover possession of specific real or personal property or for specific performance of a contract in writing for the sale or purchase of property, or for an accounting arising on a written contract. . . .'' In 1953 (Stats. 1953, ch. 908, § 1, p. 2264) the section was amended to apply ''in any kind of action.'' The following sentence was added: ''The word 'action' as used in this section shall be construed to include all types of proceedings.'' This sentence is still in the section. Thus it clearly appears that the Legislature no longer intended to limit summary proceedings to actions as distinguished from proceedings.*

2. *Answer Not Required.*

 ˙ Here the situation is similar to that discussed in (1). The Legislature has changed section 437c in another respect after court construction of the section as it once existed. *Gale*

*In 1957 (Stats. 1957, ch. 1457, § 1, p. 2780) the section was amended in part. This amendment is not material here.

v. *Wood* (1952), 112 Cal.App.2d 650, 653 [247 P.2d 67], and *Loveland* v. *City of Oakland, supra,* 69 Cal.App.2d 399 [159 P.2d 70], held that a motion for summary judgment would not lie until after answer filed. However the 1957 amendment to section 437c provides: "A motion [for summary judgment] filed pursuant to the provisions of this section shall be considered a pleading." As the question before the court on such a motion is whether there is an issue of fact to be tried (*Eagle Oil & Ref. Co.* v. *Prentice,* 19 Cal.2d 553, 556 [122 P.2d 264]), and this question is determined upon affidavits and not upon the complaint and answer, there is no reason to require an answer to be filed before determining the motion.

### 3. *No Counteraffidavit.*

The only cause of action in which plaintiff seeks judgment against defendant Coakley is the first; the other four causes of action prayed only for writs against the other defendants, none of whom have been served. Defendant filed an affidavit setting forth facts which completely negate the charges concerning him in the first cause of action. Plaintiff filed no counteraffidavit. As we said in *Nini* v. *Culberg,* 183 Cal.App.2d 657 [7 Cal.Rptr. 146], "The motion must be determined on facts set forth in the affidavits, and not on allegations of the complaint." (P. 663.) In *Cone* v. *Union Oil Co.,* 129 Cal.App.2d 558, 563 [277 P.2d 464], the court said: "Often there is no genuine issue of fact, although such an issue is raised by the formal pleadings. Absent a genuine issue of fact as disclosed by the affidavits, a party is not entitled to proceed to trial and the court, applying the law to the uncontroverted material facts, may render a summary judgment." In our case, plaintiff in not filing a counteraffidavit or affidavits failed to show that there was a genuine issue of fact in the case, and the court had no alternative but to grant the motion.

 Defendant filed his "Affidavit for Summary Dismissal Pursuant to C.C.P. 437c" on December 22, 1958. On February 6, 1959, plaintiff filed a second amended complaint in which he set up a fifth cause of action dealing with an action in which defendant presided as judge, different from the one involved in the other four causes of action. Plaintiff contends that defendant's affidavit sets forth no facts concerning the matters alleged in the fifth cause of action, and therefore summary judgment as to that cause of action should not have been granted. No cause of action against defendant is stated therein, nor is any relief against him sought. The alleged

cause of action is one seeking to mandamus the district attorneys of certain counties and the attorney general to prosecute defendant for alleged perjury. As to this cause of action no affidavit was necessary to show that as to defendant there was no issue of fact to be tried.

4. *Points and Authorities on Motion.*

■ Defendant did not accompany his notice of motion for summary judgment with any points and authorities. Rule 3(a) of Rules for the Superior Courts provides: "A party filing a notice of motion . . . shall serve and file therewith a memorandum of points and authorities to be relied upon. The absence of the memorandum *may* be construed by the court as an admission that the motion is not meritorious and cause for its denial." (Emphasis added.) This section is not mandatory. Notwithstanding this rule the court, in its discretion, may consider the motion in spite of the absence of points and authorities. In his affidavit defendant stated that the motion was made under section 437c, Code of Civil Procedure. The sole question to be determined by the court was whether any issue of fact existed. This was a question of fact to be determined from the affidavit or affidavits presented. The absence of authorities other than the code section did not compel a dismissal of the motion.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.