[Civ. No. 12063. Fourth Dist., Div. Two. Aug. 7, 1972.]

ORANGE COUNTY AIR POLLUTION CONTROL DISTRICT et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
WESTERN OIL AND GAS ASSOCIATION et al., Real Parties in Interest.

## COUNSEL

Adrian Kuyper, County Counsel, and John F. Powell, Deputy County Counsel, for Petitioners.

Evelle J. Younger, Attorney General, and C. Foster Knight, Deputy Attorney General, as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

McCutchen, Black, Verleger & Shea, Philip K. Verleger, Jack D. Fudge and David A. Destino for Real Parties in Interest.

## OPINION

KAUFMAN, Acting P. J. — On October 27, 1971, the Orange County Air Pollution Control District adopted its rule 74 which purports to phase out the lead content of gasoline sold at retail within the territorial limits of the district over a three-year period starting July 1, 1972. On March 28, 1972, real parties in interest herein filed action No. 191239 in the Orange County Superior Court seeking declaratory and injunctive relief against enforcement by petitioners herein (defendants in the action) of rule 74. The complaint discloses that real parties' principal theory is that rule 74 is directed at the control of the emission of lead contaminants from vehicles and that the Orange County Air Pollution Control District has no authority to thus regulate emissions from vehicular sources, such authority being vested exclusively in the State Air Resources Board or the Legislature. (See Health & Saf. Code, § 39000 et seq. and particularly §§ 39011, 39012, 39052.5, 39052.6, 39057 and 39081.) Additionally, the complaint

contains allegations suggesting that some of the real parties may be proceeding upon a theory that regulations such as contained in rule 74 adopted on a county-by-county basis would be arbitrary, unreasonable and confiscatory and, thereby, invalid on due process grounds.

On April 10, 1972, petitioners herein filed general and special demurrers to real parties' complaint in the court below. On the same day real parties filed a motion for summary judgment or in the alternative for a preliminary injunction supported by a memorandum of points and authorities and declarations. In due course, petitioners herein filed a memorandum of points and authorities and declarations in opposition to real parties' motion for summary judgment. The memorandum of points and authorities urged that the adoption of rule 74 was within the power of the Orange County Air Pollution Control District but, additionally, urged a procedural objection to the rendition of summary judgment, to wit, that summary judgment may not be rendered in favor of a plaintiff against a defendant before the defendant has filed an answer in the action.

Having petitioners' demurrers and real parties' motion for summary judgment or preliminary injunction before it, the court in due course, on April 21, 1972, announced its decision to grant real parties' motion for summary judgment in the form of a declaration that rule 74 is invalid because not within the authority of the Orange County Air Pollution Control District and a permanent injunction against its enforcement. On May 4, 1972, petitioners filed in this court the present petition seeking to prohibit the Orange County Superior Court from rendering judgment in accordance with its announced decision, alleging that the prompt resolution of the validity of rule 74 is a matter of great importance essential to the public welfare and that, therefore, appeal in the ordinary course constitutes an inadequate remedy. (Cf. *Babb* v. *Superior Court*, 3 Cal.3d 841, 851 [92 Cal.Rptr. 179, 479 P.2d 379]; *San Francisco Unified School Dist.* v. *Johnson*, 3 Cal.3d 937, 944-945 [92 Cal.Rptr. 309, 479 P.2d 669].) Accordingly, we issued an alternative writ of prohibition and a stay order and calendared an order to show cause on the alternative writ for September 6, 1972. Subsequently, real parties have filed an answer to the petition, and petitioners have filed a traverse thereto. Additionally, by leave of court, real parties have filed a supplemental memorandum of points and authorities in opposition to the petition, and a brief in support of the petition has been filed on behalf of the State Air Resources Board and the Attorney General of the State of California.

While all parties are apparently agreed that the question of the validity of rule 74 is a matter of urgency and of statewide concern, and while we

issued the alternative writ largely in appreciation of those factors, nevertheless petitioners have asserted in their petition in this court, as they did in the court below, their procedural contention that the rendition of a summary judgment in favor of a plaintiff against a defendant who has not yet filed an answer is an act in excess of the jurisdiction of the trial court. Perhaps regrettably, we are compelled to the conclusion that this contention is meritorious and dispositive of the present proceeding. Accordingly, to expedite the matter to the extent within our power and to permit the parties to remedy this procedural defect and present the matter to this court or the California Supreme Court[1] for review at the earliest possible time, we herewith vacate the stay order and discharge the alternative writ heretofore issued and grant the petition for writ of prohibition on this ground without awaiting argument on the order to show cause presently calendared for September 6, 1972.

The question is, as indicated, whether a summary judgment may be rendered against a non-defaulting defendant prior to his filing an answer. While we have been cited to no case and are aware of none answering this precise question, a negative answer is compelled by the language of the statute authorizing summary judgments as well as by the theory underlying summary judgment procedure.[2]

Summary judgment is, of course, wholly statutory. (*Werner* v. *Sargeant,* 121 Cal.App.2d 833, 837 [264 P.2d 217].) Code of Civil Procedure,

---

[1] We are advised that a case involving the same or related issues concerning the respective powers of air pollution control districts and the State Air Resources Board is now pending in the Court of Appeal, First Appellate District. In view of the asserted urgency for resolution of these issues on a statewide basis, it may be that this case is an appropriate one for consideration by the California Supreme Court in the exercise of its original jurisdiction. (Cf. *San Francisco Unified School Dist.* v. *Johnson, supra,* 3 Cal.3d at pp. 944-945; *People* ex rel. *Younger* v. *County of El Dorado,* 5 Cal.3d 480, 492 [96 Cal.Rptr. 553, 487 P.2d 1193].)

[2] Prior to its amendment in 1957, section 437c of the Code of Civil Procedure provided: "... *when an answer is filed* in any kind of action if it is claimed that there is no defense to the action or that the action has no merit, on motion of either party, ... the answer may be stricken out or the complaint may be dismissed and judgment may be entered...." (Stats. 1953, ch. 908, p. 2264; italics supplied.) A problem in considerable dispute then existed whether a defendant might move for summary judgment without first filing an answer or demurrer. (See 2 Witkin, Cal. Procedure (1954) p. 1714; 4 Witkin, Cal. Procedure (2d ed. 1971) p. 2832.) The 1957 legislative amendment eliminated the words "when an answer is filed." (Stats. 1957, ch. 1457, p. 2780.) The purpose and effect of the elimination of this language was to permit a defendant to move for summary judgment without first filing an answer. (*Snider* v. *Snider,* 200 Cal.App.2d 741, 746-747 [19 Cal.Rptr. 709]; see 4 Witkin, Cal. Procedure (2d ed. 1971) *supra;* Cal. Civil Procedure Before Trial (Cont. Ed. Bar 1957) p. 856.) The question whether plaintiff could properly have summary judgment before the defendant filed an answer was not thereby resolved. (See Cal. Civil Procedure Before Trial (Cont. Ed. Bar) *supra.*)

section 437c provides in pertinent part, ". . . if it is claimed the action has no merit, or that there is no defense to the action, on motion of either party, . . . *the answer may be stricken out or the complaint may be dismissed and judgment may be entered,* . . ." (Italics supplied.)[3] The foregoing emphasized language of the statute "contemplates the double steps of an *order* striking out the answer or dismissing the complaint, followed by entry of *judgment* in favor of the moving party" (4 Witkin, Cal. Procedure (2d ed. 1971) *supra*, p. 2842) and, manifestly, envisions the prior existence of an answer by the defendant prior to a motion for summary judgment by plaintiff.

The same result is dictated by a consideration of the proper function of the pleadings in a motion for summary judgment. Since, except for admissions in the pleading of the adverse party, a motion for summary judgment is to be determined from the affidavits or declarations (*Joslin* v. *Marin Mun. Water Dist.,* 67 Cal.2d 132, 147-149 [60 Cal.Rptr. 377, 429 P.2d 889]), some decisions have used language broad enough to suggest that the existence or nonexistence of an answer when a motion for summary judgment is made is an irrelevancy. (E.g., *Taliaferro* v. *Coakley,* 186 Cal. App.2d 258, 261 [9 Cal.Rptr. 529].) This is true when the defendant is the moving party as in the *Taliaferro* case. "The foregoing makes it clear that a moving defendant, unlike a moving plaintiff, need merely establish a defense to a claim theretofore asserted 'in the action.' His supporting affidavits are responsive in nature and are necessarily addressed to the complaint. It is within the contemplation of section 437c that the factual matters which he sets out in such affidavits are to take their significance upon a consideration of the complaint." (*Joslin* v. *Marin Mun. Water Dist.,* *supra,* 67 Cal.2d at pp. 148-149.) ▮ The same is not true when the plaintiff is the moving party. The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues; the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings. (*Craig* v. *Earl,* 194 Cal.App.2d 652, 655-656 [15 Cal.Rptr. 207]; *Estate of Kelly,* 178 Cal.App.2d 24, 29 [2 Cal.Rptr. 634]; *Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 348 [333 P.2d 142]; *Krupp* v. *Mullen,* 120 Cal.App.2d 53, 56 [260 P.2d 629].) Since the defensive issues are not delimited until an answer is filed, the plaintiff cannot intelligently address the factual averments in his affidavits or declarations to the

[3]Another amendment to the text of this section became effective July 1, 1972. (Stats. 1971, ch. 244.) The latest amendment, however, makes no change in the language quoted in the text, nor so far as we can ascertain, does it affect resolution of the question before us.

defensive issues, and it is, therefore, inappropriate for him to move for summary judgment prior to the filing of an answer by the defendant. (See Cal. Civil Procedure Before Trial (Cont. Ed. Bar 1957) *supra,* p. 856.)

As indicated, the foregoing is dispositive of the present proceeding. In view of the possibility, however, that, after curing the procedural defect, one or more parties may again attempt to obtain summary judgment, we deem it appropriate, without intending to decide or foreclose any issue or procedure, to make the following observations. Real parties have alleged and, in their declarations, set forth some facts indicating that the purpose and intent of rule 74 is the control of emissions from vehicular sources. Although petitioners have not controverted this asserted fact in their declarations, we note that one of their major arguments is that rule 74 may be upheld because it also controls emissions from non-vehicular sources. If the parties are not in agreement on this issue, it may constitute a triable issue of fact. If, as the complaint suggests, some of real parties are proceeding upon a theory that rule 74 is invalid on due process grounds and if decision is wanted or made on this basis, it is fairly apparent that evidence will have to be taken, inasmuch as the parties' declarations are in conflict with respect to the feasibility of complying with the rule's requirements.

Additionally, in connection with their arguments on the subject at issue, both parties have referred us to a number of studies and reports concerning the necessity or desirability of eliminating lead from gasoline used in vehicles to reduce air pollution. The practice of "Brandeis briefing" notwithstanding, if the parties deem these questions relevant and material, they will be well advised to remember that summary judgments may be granted only upon declarations or affidavits setting forth competent evidence. (*Kramer* v. *Barnes,* 212 Cal.App.2d 440, 445-446 [27 Cal.Rptr. 895]; *Rodes* v. *Shannon,* 194 Cal.App.2d 743, 748 [15 Cal.Rptr. 349]; *Gardenswartz* v. *Equitable etc. Soc.,* 23 Cal.App.2d Supp. 745, 749-750, 753-754 [68 P.2d 322].)

The petition for a writ of prohibition is granted. Let a peremptory writ of prohibition issue restraining respondent court from entering summary judgment pursuant to its announced decision on April 21, 1972 in Orange County Superior Court action No. 191239. The alternative writ heretofore issued is discharged. The order to show cause and stay order issued in connection therewith are, and each of them is, vacated.

Kerrigan, J., and Tamura, J., concurred.

A petition for a rehearing was denied August 25, 1972, and petitioners' application for a hearing by the Supreme Court was denied October 5, 1972. Wright, C. J., and Tobriner, J., did not participate therein.