[No. B018863. Second Dist., Div. Three. Aug. 26, 1986.]

JAMES D. SADLIER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBERT B. SCHOENBURG et al., Real Parties in Interest.

## Counsel

Gustlin, Golob & Bragin and Daniel A. Hart for Petitioner.

No appearance for Respondent.

Rafael Chodos and Michael M. Krieger for Real Parties in Interest.

## Opinion

**LUI, J.**—Petitioner James D. Sadlier, one of several defendants in an action on promissory notes brought by real parties in interest, plaintiffs Robert B. Schoenburg and Stephen Pollack, seeks a writ of mandate compelling respondent superior court to vacate its December 17, 1985, order granting plaintiffs' motion for summary adjudication of certain issues. Petitioner frames the questions presented as follows:

(1) May a plaintiff move for summary adjudication of issues pursuant to Code of Civil Procedure[1] section 437c prior to 60 days from the first general

---

[1]Hereinafter, all statutory references are to the Code of Civil Procedure, unless otherwise indicated.

appearance in the action by the defendant against whom the motion is directed, without obtaining prior leave of court to file and serve the motion before said 60-day period has elapsed?

(2) May a plaintiff obtain summary adjudication of issues pursuant to section 437c against a nondefaulting defendant prior to such defendant's filing an answer to plaintiff's complaint?

No substantive grounds for denial of the motion for summary adjudication are raised.

We decide that respondent court did not err in considering plaintiffs' motion for summary adjudication although the motion was filed within 60 days of defendants' first general appearance and before defendants had filed an answer to the complaint. The procedures permitted by respondent comply with the requirements of section 437c. The motion was "made" at the hearing, which occurred after the 60-day period; and current law does not require that an answer be filed before plaintiffs may make a motion for summary adjudication.

## PROCEDURAL HISTORY

The petition alleges that plaintiffs filed their complaint for money due on promissory notes on September 19, 1985, and delivered a copy of the summons and complaint to petitioner's attorneys on the same date. Petitioner demurred; and prior to the hearing on the demurrer, plaintiffs' attorneys agreed to file a first amended complaint, which was done on November 13, 1985.

Also on November 13, 1985, plaintiffs served a notice of motion and motion for summary adjudication of issues by hand delivery on defendants; the notice of motion set the date of hearing on December 12, 1985. Defendants had made their first general appearance on September 20, 1985, when defendants opposed an ex parte application by plaintiffs for a right to attach order. Therefore, it was clearly less than 60 days after this general appearance that the motion for summary adjudication was filed. The hearing on the motion was continued by respondent court to December 17, 1985, at which time respondent court granted the motion for summary adjudication on four issues[2] and denied the motion for summary adjudication as to

---

[2]The four issues upon which the summary adjudication was granted were: (1) each of the three promissory notes was signed by the defendant named thereon; (2) the notes were delivered to plaintiffs in their capacities as sole coequal owners of CPU, Inc., for valid consideration; (3) all the payments required by the notes were made for 18 months; and (4) the notes were transferred to plaintiffs as part of a liquidating distribution by CPU.

four other issues. The minute order of December 17, 1985, further states: "Procedurally, a motion is made when heard, not when filed and notice served, so it is not premature."

At the hearing on the motion for summary adjudication, when the issue of the 60-day period was argued, the court stated, "I will exercise my discretion to go forward with the motion today, and I do." The court further commented that section 437c as it currently reads does not require an answer to have been filed when a plaintiff makes a motion for summary judgment.

### DISCUSSION

Subdivision (a) of section 437c provides in relevant part: "Any party may move for summary judgment in any action or proceeding if it is contended that the action has no merit or that there is no defense thereto. *The motion may be made at any time after 60 days have elapsed since the general appearance in the action or proceeding of each party against whom the motion is directed or at such earlier time after such general appearance as the court, with or without notice and upon good cause shown, may direct.* Notice of the motion and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing. . . . The motion shall be heard no later than 30 days before the date of trial, unless the court for good cause orders otherwise. The filing of the motion shall not extend the time within which a party must otherwise file a responsive pleading." (Italics added.)

We must examine the statute and the relevant authority to determine whether plaintiffs' filing the motion before 60 days had elapsed and before an answer was filed by defendant is permissible.

1. *Respondent Court Did Not Err in Permitting the Motion Although It Had Been Filed Less Than 60 Days After Defendant's General Appearance*

■ Petitioner contends that respondent court erred in permitting the motion to be considered although filed fewer than 60 days after defendant's general appearance. He relies in part on section 1005.5, which states: "*A motion upon all the grounds stated in the written notice thereof is deemed to have been made* and to be pending before the court for all purposes, *upon*

*the due service and filing of the notice of motion,* but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided." (Italics added.)

The language in section 1005.5 that "this shall not deprive a party of a hearing of the motion to which he is otherwise entitled" is crucial. If it were not for section 1005.5's determination that a motion is "deemed to have been made" upon due service and filing of a notice of motion, one would assume that the motion is "made" orally in court at the time of the hearing. (*Harabedian* v. *Superior Court* (1961) 195 Cal.App.2d 26, 32 [15 Cal.Rptr. 420, 89 A.L.R.2d 994].) Therefore, it would "deprive a party of a hearing of the motion to which he is otherwise entitled" to enforce the first portion of section 1005.5 as the exclusive interpretation of when a motion is made. That section clearly allows a party to meet restrictive time deadlines by deeming the motion "made" at the time of filing although the hearing may be scheduled after the deadline. However, when as in this case under section 437c the motion must be "made" after rather than before a certain date, we do not believe that section 1005.5 was intended to deprive a party of a right to a hearing on that motion if either the filing or the hearing at which the motion is made occurs *after* the 60-day period. Respondent court did not err in hearing the motion.[3]

*2. Respondent Did Not Err in Permitting a Motion for Summary Adjudication by Plaintiffs Prior to Defendant's Filing an Answer*

Relying in large part on *Orange County Air Pollution Control Dist.* v. *Superior Court* (1972) 27 Cal.App.3d 109, 112-114 [103 Cal.Rptr. 410], petitioner argues that a summary judgment, or in this case a summary adjudication, may not be rendered against a nondefaulting defendant prior to the defendant's filing an answer.[4] It is clear that the version of section 437c existing in the *Orange County* case envisioned the prior existence of an answer by the defendant prior to a motion for summary judgment by plaintiff. It stated in part, "'if it is claimed the action has no merit, or that there is no defense to the action, on motion of either party, . . . *the answer*

---

[3]The parties also recognize that section 437c itself states that the motion may be made "at such earlier time after such general appearance as the court, with or without notice and upon good cause shown, may direct." Respondent court clearly exercised its discretion to go forward with the motion on December 17. Because of our resolution of the interpretation of section 1005.5, we need not reach the issue of whether plaintiffs must expressly obtain prior leave of the court to file and serve the motion or whether the court "may direct" in a less formal manner that the motion may be made at an earlier time.

[4]Differing views of federal and state authorities on this issue have been collected in Annotation, Propriety of Entering Summary Judgment for Plaintiff Before Defendant Files or Serves Answer to Complaint or Petition (1962) 85 A.L.R.2d 825, and later case service.

*may be stricken out or the complaint may be dismissed and judgment may be entered . . . .'"* (*Id.,* at p. 113, italics in original.) The opinion quoted 4 Witkin, California Procedure (2d ed. 1971) page 2842, as stating that that statute "'contemplates the double steps of an *order* striking out the answer or dismissing the complaint, followed by entry of *judgment* in favor of the moving party.'" (27 Cal.App.3d at p. 113, italics in original.)

The language of the statute has changed, and no longer refers to an answer. The current edition of 6 Witkin on California Procedure (3d ed. 1985) Proceedings Without Trial, section 283, page 584, states: "The 1973 revision [of § 437c] nullified the rule of [*Orange County*] . . . ." Similarly, Ernest J. Zack, then a superior court judge and a leading authority on the new summary judgment procedure, wrote, "The existing statute places no conditions as to the stage of the case after which a motion for summary judgment can be made. But *Orange County Air Pollution Control District v. Superior Court* [fn. omitted] held that the motion could not be granted prior to the time when the non-defaulting defendant's answer was on file. Under the 1973 Act, on the contrary, the triggering fact will be the passage of 60 days from a 'general appearance.'" (Zack, *The 1973 Summary Judgment Act, New Teeth for an Old Tiger* (1973) 48 State Bar J. 654, 657.)

However, the court in *Orange County* relied on more than the statute in effect at the time the case was decided. It further found that "[t]he same result is dictated by a consideration of the proper function of the pleadings in a motion for summary judgment. Since, except for admissions in the pleading of the adverse party, a motion for summary judgment is to be determined from the affidavits or declarations (*Joslin* v. *Marin Mun. Water Dist.* [1967] 67 Cal.2d 132, 147-149 . . .), some decisions have used language broad enough to suggest that the existence or nonexistence of an answer when a motion for summary judgment is made is an irrelevancy. (E.g., *Taliaferro* v. *Coakley* [1960] 186 Cal.App.2d 258, 261 . . . .) This is true when the defendant is the moving party as in the *Taliaferro* case. 'The foregoing makes it clear that a moving defendant, unlike a moving plaintiff, need merely establish a defense to a claim theretofore asserted "in the action." His supporting affidavits are responsive in nature and are necessarily addressed to the complaint. It is within the contemplation of section 437c that the factual matters which he sets out in such affidavits are to take their significance upon a consideration of the complaint.' (*Joslin* v. *Marin Mun. Water Dist., supra,* 67 Cal.2d at pp. 148-149.) The same is not true when the plaintiff is the moving party. The function of the pleadings in a motion for summary judgment is to delimit the scope of the issues: the function of the affidavits or declarations is to disclose whether there is any triable issue of fact within the issues delimited by the pleadings. [Citations.] Since the defensive issues are not delimited until an answer is filed, the

plaintiff cannot intelligently address the factual averments in his affidavits or declarations to the defensive issues, and it is, therefore, inappropriate for him to move for summary judgment prior to the filing of an answer by the defendant." (*Orange County, supra,* 27 Cal.App.3d at pp. 113-114.)[5]

We respect the argument in *Orange County, supra,* that consideration of a motion for summary judgment can be accomplished more effectively in many cases when an answer has been filed and the issues and defenses delimited thereby. Nevertheless, in amending section 437c after the decision in *Orange County,* the Legislature deleted language that implicitly required an answer to be on file.[6] We are bound by the Legislature's determination on this policy issue.[7] Respondent court therefore did not err in permitting the motion for summary judgment by plaintiffs before defendant had filed his answer.

The alternative writ is discharged, and the petition for writ of mandate is denied.

Klein, P. J., and Arabian, J., concurred.

---

[5]California courts in interpreting statutes before and after that in effect in *Orange County* have found that a *defendant* can make a motion for summary judgment even though no answer is on file and a demurrer has not been decided. (See *Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 636 [177 Cal.Rptr. 445]; *C. L. Smith Co.* v. *Roger Ducharme, Inc.* (1977) 65 Cal.App.3d 735, 738-739, fn. 2 [135 Cal.Rptr. 483]; *Thornton* v. *Victor Meat Co.* (1968) 260 Cal.App.2d 452, 455, fn. 2 [67 Cal.Rptr. 887]; *Snider* v. *Snider* (1962) 200 Cal.App.2d 741, 746-747 [19 Cal.Rptr. 709].)

[6]Compare the specific language in section 1170.7, enacted by Statutes of 1982, chapter 1620, section 3, relating to summary judgment motions in unlawful detainer cases: "A motion for summary judgment may be *made at any time after the answer is filed* upon giving five days notice." (Italics added.)

[7]We need not decide whether the deletion of the subject language requires the respondent court to consider the motion for summary judgment prior to filing an answer. We decide only that the respondent court is permitted to do so.