Filed 12/22/25  Zack v. Stickells CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Mono)

----

| | |
|---|---|
| ANDREA ZACK, | C100675 |
| Plaintiff and Appellant, | (Super. Ct. No. CV190128) |
| v. | |
| PETER STICKELLS et al., | |
| Defendants and Respondents. | |

Andrea Zack sued Peter Stickells, Sierra Alfalfa, LLC (Sierra Alfalfa), and Zack Ranch, LLC (Zack Ranch) (collectively, defendants) for breach of fiduciary duty, declaratory relief, and involuntary dissolution of a limited liability company.[1]  The lawsuit pertains to Andrea's asserted membership interest in Zack Ranch.  Andrea appeals from an order granting summary judgment in favor of defendants, in which the

---

[1]  Because some of the parties share the same last name, we refer to them by their first names for clarity.  No disrespect is intended.

1

trial court found Andrea lacked standing to pursue her claims because she is not a member of Zack Ranch, and her claims had to be brought as a derivative rather than individual action.

Andrea asserts the trial court erred in finding she is not a member of Zack Ranch, or, in the alternative, in failing to recognize she alleged an individual claim for breach of fiduciary duty with respect to her personal property interest in Zack Ranch. Finding no merit in these arguments, we affirm.

BACKGROUND

I

*Legal Background*

The California Revised Uniform Limited Liability Company Act (Act; Corp. Code,[2] § 17701.01 et seq.) applies "to all domestic limited liability companies existing on or after January 1, 2014" (§ 17713.04, subd. (a)) and governs acts or transactions by a limited liability company or its members on or after that date (§ 17713.04, subd. (b)). A member is "a person that has become a member of a limited liability company under Section 17704.01 and has not dissociated under Section 17706.02." (§ 17701.02, subd. (p).) Section 17704.01, subdivision (c) provides, in pertinent part, that after formation of a limited liability company, a person becomes a member as provided in the operating agreement or with the consent of all the members. (§ 17704.01, subd. (c)(1), (3).) Each membership interest includes a transferable interest, a voting/management right, and a right to information. (§ 17701.02, subd. (r).) A member's transferable interest is personal property, which may be transferred. (§§ 17705.01, 17705.02, subd. (a)(1).)

---

[2] Undesignated statutory references are to the Corporations Code.

2

A person is dissociated as a member of a limited liability company when the individual dies.  (§ 17706.02, subd. (f)(1).)  When a person dissociates as a member of a limited liability company, "[t]he person's right to vote or participate as a member in the management and conduct of the limited liability company's activities terminates" and, subject to certain provisions, "any transferable interest owned by the person immediately before dissociation in the person's capacity as a member is owned by the person solely as a transferee."  (§ 17706.03, subd. (a)(1), (3).)  A transferee is "a person to which all or part of a transferable interest has been transferred, whether or not the transferor is a member."  (§ 17701.02, subd. (ab).)

A transferable interest entitles the person holding the interest to receive distributions from the limited liability company in accordance with the company's operating agreement.  (§ 17701.02, subd. (aa).)  When a person receives a transferable interest as a transferee, the transfer does not entitle the transferee to "[v]ote or otherwise participate in the management or conduct of the activities of a limited liability company" or to "have access to records or other information concerning the activities of a limited liability company," except as otherwise provided in section 17704.10, subdivision (c). (§ 17705.02, subd. (a)(3).)  When a member dies, "the member's executor, administrator, guardian, conservator, attorney-in-fact, or other legal representative may exercise all of the member's rights for the purpose of settling the member's estate or administering the member's property, including any power the member had under the articles of organization or an operating agreement to give a transferee the right to become a member."  (§ 17706.03, subd. (c).)

II

*Factual Background*

Andrea alleged the following in her operative complaint.  Zack Ranch is a California limited liability company.  In 1997, Milton Zack, Ann Zack, and Sierra Alfalfa entered into the Zack Ranch, LLC Operating Agreement (1997 Operating Agreement).

3

The 1997 Operating Agreement was later amended to change the membership interests to equal shares between Sierra Alfalfa and Ann, and to appoint Stickells as the sole manager of the company. Upon Ann's death on December 16, 2015, Andrea acquired a 14.04 percent interest in Zack Ranch.[3] In addition to Sierra Alfalfa, the other current members of Zack Ranch are Andrea's siblings—Frederick Zack, Jane Zack Simon, Kathryn Zack, and Thomas Zack. Andrea alleged that she has been a member of Zack Ranch since December 16, 2015.

In December 2017, Stickells, as manager of Zack Ranch, presented a Zack Ranch, LLC Operating Agreement (2017 Operating Agreement) to Andrea and her siblings for consideration and execution. Andrea referred to the 2017 Operating Agreement as the "Invalid Operating Agreement" and "unenforceable Invalid Operating Agreement." Sierra Alfalfa and Andrea's siblings signed and executed the 2017 Operating Agreement, but Andrea did not. Andrea alleged she was not provided adequate notice to consider the 2017 Operating Agreement in violation of the notice provisions in the 1997 Operating Agreement and section 17704.07, subdivision (h). Andrea further detailed substantive differences between the 1997 Operating Agreement and the 2017 Operating Agreement and asserted the company's operating agreement could not be amended without unanimous consent by its members, as provided in the 1997 Operating Agreement.

The operative complaint states that Stickells and Sierra Alfalfa engaged in mismanagement and/or abuse of authority as majority members and co-owners of Zack Ranch by: (1) improperly entering into loan transactions on behalf of Zack Ranch following the "purported signing" of the 2017 Operating Agreement; and (2) failing to transfer a parcel from Sierra Alfalfa into the name of Zack Ranch, as previously agreed to between Sierra Alfalfa and Ann, and using the parcel as collateral for loan(s) obtained in

---

[3] Ann was Andrea's mother.

the names of Sierra Alfalfa and Zack Ranch.  The operative complaint further states that Stickells engaged in mismanagement and/or abuse of authority by advising Andrea that he would be debiting her equity capital account on a monthly basis for rent and living expenses because she was suing Zack Ranch.

In her breach of fiduciary duty cause of action, Andrea asserted that, since execution of the 2017 Operating Agreement, Stickells and Sierra Alfalfa have purported to act as co-managers of Zack Ranch; as managers and/or purported co-managers of Zack Ranch, Stickells and Sierra Alfalfa are fiduciaries to Zack Ranch and its members, including Andrea, owe duties of loyalty and care to Zack Ranch and all of its members, including Andrea, and are obligated to act in good faith and engage in fair dealing to avoid taking action harmful to Zack Ranch and its members, including Andrea.

She alleged that Sierra Alfalfa and Stickells breached their duty of loyalty to Zack Ranch and its members by:  (1) managing Zack Ranch for the primary benefit of majority member Sierra Alfalfa, as the alter ego of Stickells, for personal gain; (2) failing to accurately account to Zack Ranch and its members the property, profit, or benefit derived by Sierra Alfalfa and Stickells as co-managers in conducting the activities of or in their use of Zack Ranch; (3) "owning and controlling [Andrea's] residence, disproportionately retaliating against [her] and no other [m]embers, including but not limited to, threatening to debit [Andrea's] equity account as a result of the filing of this lawsuit and taking actions in violation of Civil Code [section] 1942.5"; (4) using income and/or capital of Zack Ranch to make personal purchases for Stickells and his family in order for Sierra Alfalfa (and therefore Stickells and his family) to gain favorable tax treatment to the detriment of Zack Ranch; and (5) refusing to provide adequate and required distributions from Zack Ranch to its members.  Andrea alleged that, as a result of the foregoing actions, Sierra Alfalfa and Stickells had a direct and explicit conflict of interest with Zack Ranch as to their duties as managers and fiduciaries of Zack Ranch.

5

Andrea further alleged that Sierra Alfalfa and Stickells breached their duty of care to Zack Ranch and its members by: (1) mispresenting to Zack Ranch's members that unanimous consent was not required to operate Zack Ranch under the 2017 Operating Agreement; (2) "securing and causing all [m]embers of Z[ack] R[anch] except [Andrea] to sign and rely on" the 2017 Operating Agreement; (3) maintaining that the 2017 Operating Agreement is valid; (4) acting without authority under the 2017 Operating Agreement in taking actions, including entering into loan transactions; (5) creating false Zack Ranch documents; (6) refusing to provide adequate distributions to Zack Ranch and its members for members' tax liabilities; and (7) representing that they are co-managers of Zack Ranch with powers not authorized under the 1997 Operating Agreement.

Andrea alleged that by taking the foregoing actions, Sierra Alfalfa and Stickells violated their fiduciary duties to Zack Ranch and its members, including Andrea, resulting in damage to Andrea and Zack Ranch.

In her declaratory relief cause of action, Andrea alleged an actual controversy existed between her, on the one hand, and defendants, on the other hand, in that Andrea contends the 2017 Operating Agreement "is invalid and non-operative," whereas defendants claim the 2017 Operating Agreement is the current valid and operative agreement for Zack Ranch. Andrea requested a judicial determination as to the enforceability of the 1997 and 2017 Operating Agreements, and her and all members' rights and legal interests in Zack Ranch.

Finally, in her involuntary dissolution of limited liability company cause of action (involuntary dissolution claim), which was asserted against Zack Ranch, Andrea alleged that, as a result of defendants' actions described in the complaint, it was not reasonably practicable to carry on the business of Zack Ranch in conformity with the 1997 Operating Agreement and/or the 2017 Operating Agreement; dissolution of the company was necessary to protect her rights or interests; management of Zack Ranch was deadlocked or subject to internal dissension; and Stickells and Sierra Alfalfa were guilty of, or

6

knowingly countenanced, mismanagement and/or abuse of authority. Andrea requested a decree winding up and dissolving the company.

Defendants filed a motion for summary judgment (motion) on the grounds that: as to all causes of action, Andrea lacked standing because she was not a member of Zack Ranch; as to the breach of fiduciary duty and declaratory relief causes of action, the claims belonged to Zack Ranch and its members and could only be brought as a derivative and not an individual action; as to the breach of fiduciary duty cause of action, defendants owed Andrea no duty regarding the matters alleged; and as to the declaratory relief cause of action, Andrea was not a party to either the 1997 Operating Agreement or the 2017 Operating Agreement.

On October 16, 2023, Andrea filed an opposition to the motion. In the opposition, Andrea argued, among other things, that she was a member of Zack Ranch because she had paid taxes on income reported on Schedule K-1 tax documents and was listed as a member on Zack Ranch's applications submitted to the United States Department of Agriculture (USDA). Andrea further detailed instances in which Zack Ranch purportedly used the word "member" in reference to her status with Zack Ranch.

In her response to defendants' statement of undisputed material facts, Andrea stated it was undisputed that her claims were based on allegations that: (1) Ann conveyed Andrea's membership interest in Zack Ranch to Andrea under Ann's trust; (2) Ann's trust documents caused Andrea to inherit the membership interest in Zack Ranch; and (3) Andrea received her membership interest in Zack Ranch immediately upon Ann's death as a result of Ann's estate documents and the 1997 Operating Agreement. Andrea also did not dispute that, in her deposition, she testified that she inherited her share of Zack Ranch immediately upon Ann's death. Andrea further admitted that she did not sign the 2017 Operating Agreement.

7

Andrea did not submit her own statement of undisputed material facts in opposition to the motion. On November 3, 2023, Andrea filed a declaration requesting additional time to respond to the motion and a second opposition to the motion, wherein she requested leave to file an amended complaint. Andrea also filed various exhibits.

During the hearing on defendants' motion, the trial court first considered Andrea's motion to file an amended complaint and her request to continue the hearing. The trial court denied the request to amend the complaint. As to the request to continue the hearing, the trial court detailed prior requests for continuances that had been granted and noted its tentative ruling was to deny the request. The trial court gave Andrea an opportunity to argue and then explained that it had reviewed Andrea's submissions and found the documents irrelevant to the question of standing, i.e., whether she was a member of Zack Ranch. The trial court asked Andrea what evidence she believed supported her claim that she had standing to pursue the complaint. Andrea responded that she had tax documents spanning several years in which she was listed as a member of Zack Ranch. The trial court asked, if it were to grant Andrea's request for a continuance of four weeks, what evidence other than the tax documents Andrea intended to provide to prove that she was a member of Zack Ranch. Andrea responded that she intended to produce additional USDA applications for grants and funding for Zack Ranch, which she signed as a member. The trial court sought to clarify that Andrea's position was that she considered herself to be a member of Zack Ranch because she was identified as such in the tax and USDA documents. Andrea responded in the affirmative and added that she had received e-mails from Stickells referring to her as a member as well.

The trial court noted that tax and USDA documents had already been submitted to the court and again asked what other evidence Andrea intended to submit to support her request to continue the hearing. Andrea responded that she would likely have additional USDA applications and more e-mails regarding membership. The trial court asked:

8

"And what I understand right now is that you're asserting a membership interest based on [tax] and USDA documents and acknowledging or representing to me that you never did sign the operating agreement that your siblings signed; is that correct?" Andrea responded, "That's correct." The trial court then denied the request to continue the hearing and moved to the merits of the motion.

The trial court found the uncontroverted evidence established that Andrea was not a member of Zack Ranch and thus could not pursue her claims. The trial court explained that Ann's right to participate as a member of Zack Ranch terminated upon her death and she became a transferee of transferable interests. Andrea accordingly inherited a transferable interest from her mother's estate and not a membership interest.

The trial court further found that Andrea's breach of fiduciary duty and declaratory relief claims belonged to Zack Ranch and had to be brought as a derivative rather than individual action because she asserted defendants mismanaged Zack Ranch to the company's detriment, thereby damaging her interest in the company. The trial court explained that an individual member may not maintain an action in an individual capacity for destruction or diminution in the value of the membership interest.

Based on the foregoing, the trial court granted the motion and entered judgment in favor of defendants. Andrea appeals.

## DISCUSSION

"The purpose of a summary judgment proceeding is to permit a party to show that material factual claims arising from the pleadings need not be tried because they are not in dispute." (*Andalon v. Superior Court* (1984) 162 Cal.App.3d 600, 604-605.) A trial court may grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) To make this showing, a moving defendant must show either that one or more elements of the plaintiff's causes of action cannot be established or that there is a complete defense to the

9

plaintiff's case. (*Id.*, subd. (p)(2).) If the defendant meets this initial burden, the burden then shifts to the plaintiff to show that at least one triable issue of material fact exists. (*Ibid.*)

We review the grant of a motion for summary judgment de novo. (*Law Offices of Dixon R. Howell v. Valley* (2005) 129 Cal.App.4th 1076, 1092.) In that process, we assume the role of the trial court by independently examining the record and evaluating the correctness of the trial court's ruling, not its rationale. (*Moore v. William Jessup University* (2015) 243 Cal.App.4th 427, 433.) We " 'liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party.' " (*Hartford Casualty Ins. Co. v. Swift Distribution, Inc.* (2014) 59 Cal.4th 277, 286.)

I

*There Is No Triable Issue of Fact as to Standing*

Andrea argues she had standing to bring the claims because she became a member of Zack Ranch by unanimous consent of the other members in accordance with section 17704.01, subdivision (c)(3), when Sierra Alfalfa and her siblings signed the 2017 Operating Agreement. Defendants argue Andrea did not advance the unanimous consent argument in the trial court and the argument should accordingly be deemed forfeited on appeal. They further contend that this claim is forfeited because she failed to set forth the allegedly disputed fact that she became a member by unanimous consent in a separate statement of undisputed material facts. Andrea replies that the unanimous consent argument was presented to the trial court because her position has consistently been that she has been a member of Zack Ranch following her mother's death and was treated as a member. She asserts the 2017 Operating Agreement is evidence that she was a member and everyone knew it. We are not persuaded by Andrea's argument.

10

Principles of fairness generally militate against allowing a litigant to change his or her position on appeal. (*Brown v. Boren* (1999) 74 Cal.App.4th 1303, 1316.) There are exceptions to the rule such as when the new theory on appeal is purely a matter of applying the law to undisputed facts, "[b]ut, even then, whether we will entertain a new theory raised for the first time on appeal is strictly a matter of discretion." (*Department of Corrections & Rehabilitation v. Workers' Comp. Appeals Bd.* (2018) 27 Cal.App.5th 607, 623.)

Within the context of this appeal, we note that "[a] defendant moving for summary judgment need address only the issues raised by the complaint; the plaintiff cannot bring up new, unpleaded issues in his or her opposing papers." (*Government Employees Ins. Co. v. Superior Court* (2000) 79 Cal.App.4th 95, 98-99, fn. 4; see *Distefano v. Forester* (2001) 85 Cal.App.4th 1249, 1264 ["[t]o create a triable issue of material fact, the opposition evidence must be directed to issues raised by the pleadings"].) In her complaint, Andrea alleged she became a member of Zack Ranch on December 16, 2015, upon Ann's death. In her response to defendants' statement of undisputed material facts, Andrea confirmed that her claims were based on the allegations that: (1) Ann conveyed Andrea's membership interest in Zack Ranch to Andrea under Ann's trust; (2) Ann's trust documents caused Andrea to inherit the membership interest in Zack Ranch; and (3) Andrea received her membership interest in Zack Ranch immediately upon Ann's death as a result of Ann's estate documents and the 1997 Operating Agreement. Defendants only had to address the standing issue raised by Andrea's complaint—i.e., whether Andrea became a member of Zack Ranch through her inheritance from Ann.

There was no basis or opportunity for defendants to respond to or the trial court to consider the argument advanced by Andrea on appeal. First, Andrea's position in her complaint was that the 2017 Operating Agreement was invalid and unenforceable. Indeed, she referred to the 2017 Operating Agreement as the "unenforceable Invalid Operating Agreement." Andrea's position on appeal that the 2017 Operating Agreement

11

is valid and enforceable as to the parties' consent to her membership directly contradicts the allegations in her complaint. Second, Andrea introduced no statement of undisputed material facts in opposition to the motion indicating that there was a triable issue as to whether the 2017 Operating Agreement constituted the other members' consent to her membership in Zack Ranch. Simply put, if a fact " 'is not set forth in the separate statement, *it does not exist*.' " (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337.) On appeal, the general rule is that we " 'will consider only the facts before the trial court at the time it ruled on the motion' for summary judgment." (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 30.)

As Andrea confirms in her reply brief, her position in her complaint and in opposition to the motion was that she became a member of Zack Ranch *prior to 2017*. Before the trial court, Andrea asserted standing as a member of Zack Ranch based on Ann's trust, tax and USDA documents, and purported e-mails. The trial court expressly confirmed the basis for Andrea's membership claim several times, and Andrea at no point relied on the 2017 Operating Agreement as the basis for her becoming a member of Zack Ranch. It would be unfair to the trial court and unjust to defendants for us to consider Andrea's new standing theory in light of the foregoing.

For the foregoing reasons, we decline to consider Andrea's new standing theory on appeal. (*Arocho v. California Fair Plan Ins. Co.* (2005) 134 Cal.App.4th 461, 470 [our de novo review of a grant of a motion for summary judgment includes "reviewing all the evidence before the trial court and assessing whether there is any material triable issue under any viable legal theory *the pleadings present*" (italics added)]; *American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281 ["[p]ossible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal"].)

*Andrea Did Not Allege an Individual Claim of Breach of Fiduciary Duty*

Andrea argues in the alternative that, even if she is not a member of Zack Ranch, she inherited personal property from her mother and may assert an individual claim for breach of fiduciary duty as to the treatment of that property. She discusses general legal concepts relating to fiduciary relationships and that a transferable interest is personal property. She further asserts that her personal property "can be the subject of an action for conversion" and "cannot be reduced to a debt." As we can best glean, the foregoing flows into her argument that Stickells and Sierra Alfalfa failed to address her individual claim for breach of fiduciary duty arising from their treatment of her transferable interest in Zack Ranch because she alleged they controlled her residence, threatened to debit her equity capital accounts for rent and living expenses, retaliated against her, made purchases benefiting themselves while claiming there was insufficient money to distribute to members to cover tax liabilities, and improperly gave themselves essentially unchecked control over Zack Ranch. We discern no error with regard to the trial court's summary judgment order based on this argument.

The question is not whether Andrea's allegations *could* give rise to an individual cause of action based on her personal property interest in Zack Ranch but rather whether there was a triable issue of material fact "within the issues delimited by the pleadings." (*Orange County Air Pollution Control Dist. v. Superior Court* (1972) 27 Cal.App.3d 109, 113.) Andrea did not allege a cause of action for conversion, and she did not allege an individual claim for breach of fiduciary duty as to her transferable interest in Zack Ranch.

The causes of action in the complaint were brought by Andrea in her alleged capacity as a member of Zack Ranch. In her breach of fiduciary duty cause of action, Andrea specifically asserted that each of the duties identified (i.e., duty of loyalty, duty of care, and duty to act in good faith and engage in fair dealing) were to Zack Ranch and its members, including Andrea. Andrea did not allege any duty owed to her as an individual

13

as a result of a personal property interest in Zack Ranch.  Andrea's allegations as to *breach* of fiduciary duties identified in the complaint did not require defendants to address a nonexistent claim of a fiduciary duty not alleged.  Because Andrea has failed to show a triable issue of material fact as to the breach of fiduciary duty cause of action as *alleged* in the complaint, we affirm the trial court's summary judgment on that claim.

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


                                              /s/
                                     BOULWARE EURIE, J.


We concur:


    /s/
MAURO, Acting P. J.


    /s/
MESIWALA, J.